**John GANO, Appellant,**

v.

**Joseph D. JAMAIL, et al., Appellee.**

**No. A14–83–217CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 1984.

John Gano, Houston, for appellant.

Finus E. Cowan, Baker & Botts, William J. Stradley, Don M. Barnett, Stradley, Barnett & Stein, Joseph D. Jamail, John Neibel, Jamail, Kolius & Mithoff, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, John Gano (Gano), a Houston attorney, appeals a summary judgment rendered against him in his action to enforce the terms of an oral partnership agreement with appellee, Joseph D. Jamail (Jamail), also a Houston attorney. Gano contends that for various reasons, the trial court erred in entering said judgment. We find, however, that the summary judgment proof conclusively established that the oral contract was unenforceable under the Statute of Frauds and that Gano was estopped by his conduct from asserting this claim.

The relationship which forms the basis of this suit began in 1965 when Gano began working for Jamail under the terms of a written contract. Under this agreement, Gano was to receive a portion of the net profits, but in the percentage that Jamail deemed appropriate. Additionally, the agreement specifically stated that Gano was not entitled to receive any interest in any of the pending files. Jamail and Gano continued to operate under this agreement until August 1969, when, according to Gano, the parties allegedly entered into an oral agreement under which they were to be equal partners in the law firm of Jamail and Gano. They practiced under this name until January, 1978, when Jamail terminated the relationship and Gano left the firm. Three years and 364 days after his departure, Gano filed this lawsuit seeking enforcement of the alleged oral agreement of 1969 and one-half of the net profits of Jamail and Gano. The trial judge, however, granted Jamail's motion for summary judgment, concluding that there was no genuine issue of fact.

While both parties strongly urge our consideration of the facts of the case, we are initially presented with a more fundamental issue: whether the alleged oral agreement falls within the Statute of Frauds. Section 26.01 of the Business and Commerce Code provides that all agreements not to be performed within one year of the date they are made, must be in writing and signed by the person to be charged. The application of the statute is complicated somewhat when, as here, the time of performance is not specifically set and the alleged agreement itself does not indicate that it cannot be performed within a year. In that event, the general rule is that such an oral agreement does not violate the Statute of Frauds. *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex.1974). The rule is applied differently, however, when the agreement, either by its terms or by the nature of·the required acts, cannot be completed within a year of its making. If the evidence conclusively proves that the contract cannot be performed within a

year, the oral contract violates the Statute of Frauds as a matter of law, and is therefore unenforceable. *Niday v. Niday,* 643 S.W.2d 919 (Tex.1982); *Krueger v. Young,* 406 S.W.2d 751 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.). We must then determine whether the summary judgment evidence here was conclusive proof of this.

■ Gano stated in his deposition that the alleged oral partnership agreement was to last until terminated and that nothing was said about time. The law firm entitled "Jamail and Gano" was involved almost exclusively in a personal injury practice in which cases were based on contingent fee contracts, and almost always took more than a year to conclude. Gano further stated that under the oral agreement, he owned one-half of those cases, no matter how long it took to dispose of them; Jamail could not, therefore, terminate Gano's interest in those cases. It is abundantly clear from Gano's testimony that the oral agreement was to last until all of the cases signed up during the partnership were resolved and that such performance could not be completed within one year. Both the extrinsic evidence and the very nature of the required acts compel us to conclude that full performance of this alleged oral partnership agreement could not be completed within one year. *See Niday,* 643 S.W.2d at 920; *Bratcher v. Dozier,* 162 Tex. 319, 346 S.W.2d 795, 797 (1961). There is not a scintilla of evidence to the contrary. The agreement therefore is unenforceable under the Statute of Frauds.

Appellant Gano refers to a line of cases essentially holding that partnership agreements terminable at will are susceptible of performance within a year and therefore not subject to the Statute of Frauds. *Boutell v. Hill,* 498 S.W.2d 713 (Tex.Civ.App.—El Paso 1973, no writ); *Heathington v. Heathington Lumber Co.,* 398 S.W.2d 822 (Tex.Civ.App.—Amarillo 1966), *on second appeal,* 420 S.W.2d 252 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Howell v. Bowden,* 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.); *Palmetto Lumber Co. v. Gibbs,* 52 S.W.2d 120, 128 (Tex.Civ.App.—Beaumont 1932), *aff'd,* 124 Tex. 615, 80 S.W.2d 742 (1935). In each of these cases, although no time limit was set, the entire agreement was capable of being fully performed within one year if the parties so desired. In this case, however, the agreement, by Gano's own testimony as to the nature of the cases, was not capable of such performance within the one year period. Thus it falls clearly within the *Niday* rule.

Similarly, appellant Gano's reliance on *Stanfield v. Texas Power Corporation* is misplaced. Gano suggests that under *Stanfield,* the fact that the agreement was at least partially performed took the contract out of the Statute of Frauds. *Stanfield v. Texas Power Corp.,* 13 S.W.2d 432 (Tex.Civ.App.—San Antonio 1929, writ dism'd). The supreme court, however, later held that in *Stanfield* the contract was not clearly within the Statute of Frauds *regardless of any actual performance,* and consequently any statements made regarding partially performed agreements were purely dicta. *See Chevalier v. Lane's, Inc.,* 147 Tex. 106, 213 S.W.2d 530, 533 (1948). It is therefore clear that appellee Jamail has established that the alleged partnership agreement is unenforceable and that appellant Gano has no cause of action against him grounded thereon.

■ Even if we were to accept the alleged oral agreement as presented by Gano, the undisputed facts indicate that Gano is estopped by his conduct subsequent to such agreement from asserting that he was not fully compensated as an equal partner. Appellee Jamail suggests two theories under which Gano's actions prevent him from now claiming equal partnership. First, from the time of the alleged partnership agreement in 1969 until his departure from the firm in 1978, Gano accepted semi-monthly paychecks, and an end of year check, signed by Jamail. Secondly, these checks were in amounts significantly less than an equal partner's share in the law firm's net profits. Gano admits

he was aware of the significant variance in the gross firm income and the amount he received. Further, he was aware of the firm's rental expenses and secretarial salaries. Despite his knowledge that the net amount paid him was significantly less than that of an equal partner, he made no inquiry nor voiced any opposition during the eight years that the alleged equal partnership existed. Each year during this time, Jamail's accountant, by letter to Gano, summarized Gano's annual firm income and invited Gano to ask questions. Gano never did so. Gano's claim to an equal share apparently was initially made with the filing of this litigation some three years and 364 days after he left the firm.

In addition to his knowledgeable, but unquestioning, acceptance of the paychecks and his delayed silence, Gano signed in 1975 a written agreement with Jamail regarding insurance which provided that neither he (Gano) nor his first beneficiary had any interest, right, or claims of any nature to any or all of the files, monies and property of Jamail & Gano and/or Joseph D. Jamail & Associates. Clearly, the final effect of summary judgments mandates that we must carefully scrutinize the supporting evidence and indulge the non-movant every consideration so as not to overlook material, justiciable fact questions. Here, however, we find the evidence conclusively establishes that Gano is estopped by his conduct to now assert any retroactive equal interest in the law firm's profits under the alleged partnership agreement. The summary judgment was properly granted.

In conclusion, we find that appellee Jamail has conclusively established that there are no genuine issues as to any material facts and that he is entitled to judgment as a matter of law. *Wesson v. Jefferson Savings and Loan Association*, 641 S.W.2d 903 (Tex.1982); *Davis v. Houston Independent School District*, 654 S.W.2d 818, 820 (Tex.App.—Houston [14th Dist.] 1983, no writ). The judgment of the trial court is affirmed.