Tim **BEVERICK**, Appellant,

v.

**KOCH POWER, INC.,** Flint Hills Resources, L.P., and Entergy–Koch Trading L.P., Appellees.

No. 01–03–01300–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 2005.

Rehearing Overruled March 13, 2006.

Timothy A. Beverick, Sugar Land, pro se.

Mark Allen White, Edward John O'Neill, Jr., Howrey, LLP, Houston, for Appellee.

Panel consists of Justices TAFT, HANKS, and BLAND.

## OPINION

GEORGE C. HANKS, JR., Justice.

Tim Beverick, appellant, sued Koch Power, Inc., Flint Hills Resources, L.P., and Entergy–Koch Trading L.P. (hereafter collectively referred to as "Koch") for breach of contract, promissory estoppel, fraud, quantum meruit, and punitive damages after they failed to pay him the bonus they allegedly promised to pay him for legal services rendered. Beverick contends that the trial court erred in granting Koch's motions for summary judgment. We affirm.

## Background

Beverick, an attorney for Koch Power, Inc., alleges that Koch orally promised him a bonus of based on the savings for his work on the Pine Bend Power Project ("the Project"). The Project involved negotiating a new contract for the purchase of electricity over a 10–year period for Koch's Pine Bend Refinery. The goal of the Project, as fellow attorney Bill Windle stated in testimony, was to "save money for the refinery." According to Beverick, Koch promised that he and Windle would split a bonus of 10 to 15% of the net present value of the after-tax expected savings from the Project in a lump sum at the Project's closing.[1] Koch failed to pay the bonus at closing, and, instead "proposed to Beverick that he would receive a bonus of approximately $400,000." Beverick initially sued Koch Power under theories of breach of contract, promissory estoppel, and fraud; later, he added a claim for quantum meruit.[2]

Koch filed no-evidence and traditional motions for summary judgment and also filed a separate motion attacking Beverick's claim for punitive damages. The trial court granted both of Koch's summary judgment motions without specifying its grounds and rendered a take-nothing judgment against Beverick.

## Standard of Review

■ We follow the usual standard of review for an order granting summary judgment without specifying grounds. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). When a trial court does not state the basis for its decision in its summary judgment order, as in this case, we must uphold the order if any of the theories advanced in the motion is meritorious. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

When reviewing a trial court's granting of a motion for summary judgment, we consider the evidence in the light most favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. Tex.R. Civ. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.-Houston [1st Dist.] 1999, no pet). A summary judgment for the defendant that disposes of a plaintiff's entire case is proper only if the defendant can show that the plaintiff could not succeed on any of the theories pleaded. *Wheeler v. Yettie Kersting Mem'l Hosp.*, 866 S.W.2d 32, 36 (Tex. App.-Houston [1st Dist.] 1993, no writ).

### No–Evidence Motion for Summary Judgment

A rule 166a(i) motion for summary judgment is properly granted when a movant

---

1. In his petition, Beverick stated that "Koch's savings from the Pine Bend project are estimated to exceed $100 million."

2. Beverick added defendants Flint Hills Resources, L.P. and Entergy–Koch Trading, L.P.

establishes that, "[a]fter adequate time for discovery[,] ... there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX.R. CIV. P. 166a(i); *see also Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002). A no-evidence summary judgment is, therefore, like a directed verdict. *Flameout*, 994 S.W.2d at 834. To defeat a no-evidence motion for summary judgment, the non-movant must produce summary judgment evidence raising a genuine issue of material fact. TEX.R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence establishing the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex.2004); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 378 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995).

**Traditional Motion for Summary Judgment**

To succeed in a motion for summary judgment under rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In deciding whether there is a disputed issue of material fact, every doubt must be resolved in favor of the non-

movant. *Johnson*, 891 S.W.2d at 644; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Additionally, we take all evidence favorable to the non-movant as true. *Lawson v. B Four Corp.*, 888 S.W.2d 31, 33 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

### Statute of Frauds

■ In their traditional motion for summary judgment, Koch asserted that Beverick's causes of action for breach of contract, promissory estoppel, and fraud were barred by the statute of frauds because these claims were based upon an alleged oral promise that could not be performed within one year.[3] Beverick argues that, because it was possible for the project to be completed within one year, the statute of frauds does not apply. We agree.

■ Whether a contract falls within the statute of frauds is a question of law. *Iacono v. Lyons*, 16 S.W.3d 92, 94 (Tex. App.-Houston [1st Dist.] 2000, no pet.); *see also Niday v. Niday*, 643 S.W.2d 919, 920 (Tex.1982) (stating that, if an agreement, either by its terms or by the nature of the required acts, cannot be performed within one year, it falls within the statute of frauds and must be in writing.) A contract that could *possibly* be performed within a year, however improbable performance within one year may be, does not fall within the statute of frauds. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12, 15 (1957). The fact that the entire performance within one year is not required, or expected, will not bring an agreement within the statute. *Iacono*, 16 S.W.3d at 95.

---

**3.** The statute of frauds, set forth in section 26.01 of the Texas Business and Commerce Code, provides that, to be enforceable, a promise or agreement which cannot be performed within one year from the date of mak-

ing the agreement must be in writing and signed by the person to be charged with the promise. TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 2002).

Beverick completed this project in two years. When asked if he could have completed the project in less time, Beverick testified, "Not under the circumstances, no." "We moved everything along as fast as we could." Beverick was asked specifically if there was any way to have completed the project in one year, and he answered, "I mean, if the moon [sic] lined up and if Northern States Power didn't fight to let us go and all of the parties—you know, we had some pro forma contract to do this on, then it would be easy." Beverick testified that "I won't say it was impossible, but there were a lot of things that would have had to fall in place for [the deal to have been completed within one year]."

The summary judgment evidence, viewed in a light most favorable to Beverick, establishes the possibility that Beverick could have completed the Project in one year. Therefore, the statute of frauds did not preclude Koch from entering into an oral contract with Beverick.

### Breach of Contract

Beverick contends that the evidence was sufficient to create a fact issue and that the trial court erred in granting summary judgment on his breach-of-contract claim.

■ In their no-evidence motion for summary judgment, Koch asserted that there was no evidence that

(1) The contract alleged by Plaintiff was a valid oral contract including:

 (a) an offer by any Defendant from a person with authority to make an offer on behalf of each Defendant;

 (b) acceptance by Plaintiff;

 (c) a meeting of the minds between an authorized agent of each Defendant on behalf of any Defendant and Plaintiff;

 (d) consent to the terms by Plaintiff and an authorized agent of each Defendant;

 (e) execution of a contract with the intent that it be mutual and binding; or

 (f) consideration provided by Plaintiff;

(2) The Plaintiff tendered the performance demanded by the contract;

(3) Any Defendant breached the contract; or

(4) Plaintiff was damaged as a result of any Defendant's breach.

To prevail on a breach-of-contract claim, it must be proven that (1) a valid contract between plaintiff and defendant existed, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff sustained damages as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

### Valid Contract

■ The elements of a valid contract are: (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.*

In their no-evidence motion for summary judgment, Koch contested each element of the "valid" contract with Beverick. Beverick was therefore required to produce more than a scintilla of evidence raising a genuine issue of material fact on each element. *Flameout Design & Fabrication, Inc.,* 994 S.W.2d at 834.

### Offer

■ Beverick does not allege the breach of a written contract. Rather, he asserts that Koch orally promised him a bonus based on expected savings of the Project. In determining the existence of an oral

contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications. *Prime Prods.,* 97 S.W.3d at 636. For Beverick's contract claim to be valid and enforceable, he must allege and prove that the oral contract was made with an authorized agent who had authority to bind Koch. *S. County Mut. Ins. Co. v. First Bank & Trust of Groves,* 750 S.W.2d 170, 172 (Tex.1988).

In his response to Koch's motions for summary judgment, Beverick argued that "Bill Windle, who worked with Mr. Beverick on Pine Bend, testified that based on the representations of Defendants' management, he believed that the Pine Bend bonus was to be paid on the expected savings on the project." He further stated that "Windle, an employee of EKT [Entergy–Koch Trading], told Beverick that Rob Smith, an officer of KET [Koch Energy Trading], represented that Windle and Beverick would split a bonus pool on Pine Bend of ten to fifteen percent of the expected after-tax savings."

Despite Beverick's allegations of oral contract representations from several Koch executives, in his deposition, he acknowledged that the only person who *directly* promised him the bonus at issue in this case was Bill Windle, a fellow employee. Beverick testified further that he agreed that Windle lacked the authority to enter into a bonus agreement with Beverick on behalf of Koch. Beverick testified as follows:

Q. Now, are you claiming that Mr. Windle had the authority on behalf of any of these defendants—

A. Not Windle.

Q.—to bind them to pay you half of 10 to 15 percent of the expected savings?

A. Not Windle, no. I mean, I don't know if he would have had—I mean, if the promise didn't come from him, I don't know if he had authority or not.

Q. Well, you know that he did not have authority to bind the company he was working for or any—at the time—or any of these defendants to pay you any sort of bonus; correct?

A. Well, he wasn't the promisor in this case, right.

Q. So he did not have that authority, did he?

A. Correct.

Q. But as you have just already testified, back when your deposition was taken a year ago, and have testified here again today, Bill Windle is the only person you're claiming told you that your Pine Bend bonus was going to be half of the 10 to 15 percent number, correct?

A. Well, I mean, as far as—as far as I was concerned, when he came to me he had just talked to Rob [Smith], and Rob and David [Owens] were David Sobotka's mouthpieces.

Q. But Rob Smith never made that representation to you, did he?

A. He knew by telling Bill—Bill and I were together every day for two years. He knew by Bill it was telling me.

Q. Did Rob Smith make that representation to you?

A. No, he didn't have to. He knew—

▪ Beverick argues that, despite Windle's lack of authority to bind, there was at least one person with authority who neglected to correct Beverick's mistaken belief that he was getting a more substantial bonus. Beverick said that he repeatedly stated his understanding that his bonus would be 10–15% of expected savings and Mr. Owens [an executive with KET] never disputed it or told Beverick that he was incorrect. Thus,

by leading Mr. Beverick to believe that his understanding was correct, and by not objecting to Mr. Beverick's statements concerning his understanding of the bonus agreement, Owens manifested his belief in the truth of those statements and adopted those statements as true.

We disagree. Beverick may not establish the existence of an offer through the silence of another party. Silence cannot satisfy the basic requirements of contract creation. *See Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County,* 52 S.W.3d 128, 132 (Tex. 2000) (holding that silence and inaction will not be construed as an assent to an offer). Beverick admitted that he could not swear under oath that Owens ever made an offer of a bonus based on 10 to 15% of savings. At most, Beverick testified that he "inferred it."

Accordingly, we hold that there is no evidence that Beverick established the existence of an offer. Without an offer, we need not determine if there was evidence of the remaining elements of a valid contract.

We overrule point of error one.

### Promissory Estoppel

Beverick contends that the trial court erred in granting Koch's promissory estoppel motion for summary judgment.

In their no-evidence motion for summary judgment, Koch asserted that there was no evidence that

(1) An authorized representative of any Defendant made an authorized oral promise to Plaintiff;

(2) An authorized representative made any oral promise for which it was reasonable and foreseeable that Plaintiff would rely; or

(3) Plaintiff reasonably and justifiable [sic] relied to his detriment on any oral promise made by an authorized representative of any Defendant.

Beverick asserts that he provided sufficient evidence of promissory estoppel to survive summary judgment. The elements of promissory estoppel are (1) a promise, (2) Koch's foreseeability of Beverick's reliance thereon, and (3) substantial reliance by Beverick to his detriment. *See English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983); *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 959 (Tex.App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.). As we held above, there is no evidence that a person with authority "promised" Beverick that he would receive a split of 10 to 15% of expected net savings. Beverick does not dispute that Koch employed him at will and paid him an agreed salary.

We hold that the trial court did not err when it granted Koch's summary judgment on Beverick's promissory estoppel claim.

### Fraud

Beverick asserts that the trial court erred by granting Koch's summary judgment motion for his claim of fraud.

In their no-evidence motion for summary judgment, Koch asserted that there was no evidence that

(1) Any Defendant authorized any party to make an oral representation to Plaintiff regarding an alleged bonus;

(2) An authorized representation was made on behalf of any Defendant;

(3) An authorized representative of any Defendant orally made a representation that any Defendant knew to be false at the time it was made;

(4) Plaintiff reasonable [sic] relied on any oral representation by a representative of any Defendant; or

(5) That Plaintiff was injured in any way or suffered damages [sic] a result of his reliance.

 A cause of action for fraud requires (1) a material misrepresentation, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). The mere failure to perform a contract is not evidence of fraud. *Id.* at 48. When a promise is made to do a future act with no intention of performing the act, the promise constitutes an actionable misrepresentation when made with no intention of performing the act. *Id.; Oliver v. Rogers*, 976 S.W.2d, 792, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet).

 The first element of a claim for fraud is that the defendant made a material misrepresentation. *Formosa Plastics*, 960 S.W.2d at 48. Beverick has not produced evidence that anyone with authority made a representation to him regarding the alleged bonus. Beverick asserts that the same facts support both his claim for breach of contract and his claim for fraud. Although Beverick states that David Owens's silence led him to believe that he would receive one-half of 10 to 15% of the expected Pine Bend savings, Beverick has not demonstrated that Owens had a duty to disclose the actual amount of the bonus to him.

 A failure to disclose, however, is only actionable as fraud when there is a duty to disclose. *See Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex.2001). A duty to disclose arises only out of a confidential or fiduciary relationship. *Moorehouse v. Chase Manhattan Bank*, 76 S.W.3d 608, 615 (Tex.App.-San Antonio 2002, no pet.). Texas does not recognize a fiduciary duty or a duty of good faith and fair dealing owed by an employer to an employee. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex.2000) (holding that there is no duty of good faith and fair dealing in the employment context).[4]

Koch had no duty to disclose the amount of Beverick's project bonus; therefore, their failure to disclose it is not an actionable misrepresentation. There is no evidence that Koch made an actionable misrepresentation to Beverick. Accordingly, we hold that there is no evidence that there was a material misrepresentation made. Having so held, we need not address the remaining elements of fraud.

## Quantum Meruit

Beverick contends that the trial court erred by rendering summary judgment on his quantum-meruit claim.

In their no-evidence motion for summary judgment, Koch asserted that there was no evidence

(1) That Plaintiff performed any services for any Defendant for which he was not compensated; or

(2) Of the reasonable value of any uncompensated services performed by Plaintiff for any Defendant.

**4.** Beverick argues that the Supreme Court of Texas has "ruled that an employer committed fraud by promising to pay an employee a bonus to induce him to remain employed and then failing to pay it." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 436 (Tex.1986). The facts before us, however, are quite different from those in *Spoljaric*. Here, unlike in *Spoljaric*, the offer was made by someone who lacked the authority to bind the employer. Further, the alleged 10 to 15% bonus arrangement was not in writing, unlike *Spoljaric* where the bonus plan was in writing.

**154**

The quasi-contractual theory of quantum meruit is based on a promise implied by law to pay for beneficial services rendered and knowingly accepted. *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 792 (Tex.App.-Houston [1st Dist.] 2004, no pet.). To be entitled to submit a claim of quantum meruit, the claimant must present more than a scintilla of evidence that: (1) the plaintiff rendered valuable services or furnished materials; (2) for the party sought to be charged; (3) the party sought to be charged accepted and enjoyed the services or materials; and (4) the party sought to be charged had reasonable notice that the plaintiff, in performing the services or providing the materials, expected payment. *See Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990).

Beverick was in-house counsel for Koch, and he provides no evidence that his assignment on the Project was not part of his job duties falling under his employment contract. Even if his work benefitted Koch, proof of a benefit does not prove that the services were beyond the scope of his employment. If the work that Beverick performed on the Project was within the scope of his employment, then his work was performed pursuant to his employment for Koch, and he cannot make a claim in quantum meruit. *See Murray v. Crest Constr., Inc.*, 900 S.W.2d 342, 345 (Tex.1995). Furthermore, Beverick presented no evidence relating to (1) the description of the work that he performed outside of his regular work, (2) the value of such work, and (3) the reasonableness of any value that could be assigned to the work. Accordingly, we hold that the trial court did not err in granting summary judgment on Beverick's quantum meruit claim.

## Punitive Damages

Beverick contends that the trial court erred in ruling that he did not have a valid punitive damages claim.

Beverick's argument presumes a valid contract, a duty to disclose to correct a mistaken impression, and a "deliberate" decision not to disclose. We have already held that there was no valid contract and that there is no duty to disclose in an employment-bonus context.

Beverick's only basis for punitive damages was fraud, and we have held that he did not sufficiently establish a cause of action for fraud. Punitive damages may be awarded only when there are some actual damages in tort. *Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.*, 793 S.W.2d 660, 667 (Tex.1990). We hold that the trial court did not err in finding that Beverick presented no evidence to support his punitive damages claim.

Having held accordingly, we need not address Beverick's issues relating to the relevance of the Bonus Document or his alleged acceptance of the first installment as satisfaction of Koch's complete obligation to his entire bonus claim.

## CONCLUSION

We affirm the trial court's orders granting Koch's motions for summary judgment.