Reversed and Remanded and Memorandum Opinion filed June 12, 2008








Reversed and Remanded and Memorandum Opinion filed
June 12, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00613-CV

_______________

 

SHEELA CHACKO, Individually, As Administratrix of The
Estate of JAMES CHACKO, Deceased, And As Next Friend of JOSHUA &
CHRISTOPHER CHACKO, MINOR CHILDREN, Appellants

 

V.

 

ABRAHAM P. MATHEW, SUSAN ABRAHAM, SUVISANGAM
INVESTMENT INC., D/B/A/ SHIVA INDIAN RESTAURANT & SARANAM INVESTMENT, II

Appellees

                                                                                                                                               


On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 03-CV-130, 885

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Sheela Chacko, acting individually,
as administratrix of the estate of James Chacko, deceased, and as next friend
of Joshua and Christopher Chacko, minor children, appeals the grant of summary
judgment in favor of  Abraham P. Mathew, Susan Abraham, Suvisangam Investment
Inc., d/b/a Shiva Indian Restaurant and Saranam Investment, II (collectively AMathew@).  Sheela Chacko contends that (1)
fact issues concerning the existence of an oral partnership agreement foreclose
summary judgment; (2) the statute of frauds does not bar enforcement of the
oral partnership agreement because the agreement could be performed within one
year; (3) the statute of frauds does not bar enforcement of the oral
partnership agreement because James Chacko fully performed his obligations
under that agreement; (4) the statute of frauds does not apply because a
confidential relationship existed between James Chacko and Abraham Mathew; (5)
summary judgment cannot be based upon facts that arose after formation of the
oral partnership agreement; and (6) the statute of frauds does not bar Chacko=s non-contractual claims.  We reverse
and remand. 

Background

James Chacko and his brother-in-law,
Abraham Mathew, agreed in the summer of 1999 to purchase the Shiva Indian
Restaurant from Mahesh Oberoi for $130,000.  James Chacko=s wife, Sheela, contends that James
Chacko and Mathew entered into an oral partnership agreement in connection with
their purchase of the restaurant.  Mathew denies the existence of a
partnership.  

Oberoi required a $50,000 down
payment. For the remaining $80,000, Oberoi negotiated a lease/purchase
agreement with Mathew.  The lease/purchase agreement called for the payment of
$2,553.31 per month over a three-year period commencing on August 15, 1999, and
continuing until August 15, 2002, at which time the closing would occur.  

James Chacko paid Mathew $20,000 by
issuing three checks on July 20, 1999.  In August 1999, Mathew used James
Chacko=s $20,000 and Mathew=s own funds to make the $50,000 down
payment to Oberoi.  Oberoi=s corporation, Shiva Investments, Inc., entered into a
three-year contract for the sale of the restaurant to Mathew=s corporation, Suvisangam
Investments, Inc. on August 15, 1999.[1]  Suvisangam
Investments, Inc. also entered a sublease agreement with Shiva Investments,
Inc. to lease the property at 2514 Times Boulevard in Houston for five years
beginning on July 1, 1999.








James Chacko and Mathew jointly
operated the restaurant beginning in August 1999.  Mathew made payments to
James Chacko totaling $41,481.52 between October 2000 and November 2001.  
Sheela Chacko contends these payments represented James Chacko=s 40 percent interest in the
restaurant=s profits pursuant to the oral partnership agreement.

On November 29, 2001, James Chacko
fell asleep at the wheel of his car and struck construction debris in the
median of the freeway.  He died two weeks later from injuries he sustained in
the accident.  After James Chacko died, Mathew made no payments to Sheela
Chacko.

Sheela Chacko attempted to gather
information about the restaurant and inquired about her husband=s investment after his death.  Mathew
refused to discuss the matter with her.  In September 2002, Mathew issued three
checks totaling $20,000 to Sheela Chacko as Arepayment@ of funds he had received from James
Chacko to purchase the restaurant.

Sheela Chacko sued Mathew July 11,
2003, alleging claims for breach of contract, unjust enrichment, civil
conspiracy, common law fraud, statutory fraud, alter ego/piercing the corporate
veil, redemption of partnership interest, and breach of fiduciary duty.[2] 
Mathew filed a traditional motion for summary judgment, arguing that A[a]ll [of Chacko=s] claims are based upon the
existence of an oral partnership agreement.  And without such a partnership
agreement, all of her claims necessarily fail.  To that end, no partnership
agreement ever existed as a matter of law, because the statute of frauds
prevents the enforcement of such an agreement.@

On April 24, 2007, the trial court
signed a final judgment granting Mathew=s motion for summary judgment and
ordering that Sheela Chacko take nothing on all claims.  After denial of a
motion to reconsider and a motion for a new trial, Sheela Chacko timely
appealed. 








Standard of Review

An appellate court applies de novo
review to a grant of summary judgment, using the same standard that the
trial court used in the first instance.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A traditional summary judgment may be granted
if the motion and summary judgment evidence show there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law.
Tex. R. Civ. P. 166a(c). In reviewing a summary judgment, we take as true all
evidence favorable to the nonmovant; indulge every reasonable inference
favorable to the nonmovant; and resolve any doubts in the nonmovant=s favor.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006). 

The statute of frauds is an
affirmative defense.  Tex. R. Civ. P. 94.  When a defendant moves for summary
judgment pursuant to an affirmative defense, the defendant bears the burden of
conclusively establishing all elements of that defense such that no issue of
material fact remains.  See Tex. R. Civ. P. 166a(c); Moritz v. Bueche,
980 S.W.2d 849, 856 (Tex. App.CSan Antonio 1998, no pet.); see generally KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999)
(AA defendant moving
for summary judgment on [an] affirmative defense . . . has the burden to
conclusively establish that defense@).

Analysis

Mathew sought summary judgment on
grounds that (1) there was no oral partnership agreement; and (2) any such
agreement is unenforceable under the statute of frauds.      The first summary
judgment ground fails because Sheela Chacko proffered sufficient evidence to
raise a fact question regarding the existence of an oral partnership agreement
between James Chacko and Mathew in connection with the restaurant.  Mathew
provided a sworn affidavit stating, AThere was never a discussion nor an
oral agreement between myself and James Chacko regarding a partnership of any
kind between the two of us.@  Sheela Chacko controverted Mathew=s affidavit with her own affidavit
and deposition testimony asserting that an oral partnership agreement existed. 
Sheela Chacko=s affidavit states, 








In the summer of 1999, I attended a meeting between
James Chacko and Abraham Mathew, where Mr. Chacko and Mr. Mathew discussed
their purchase of Shiva Indian Restaurant from Mahesh Oberoi . . . .  [They]
agreed that they would be partners in the business, and they would be entitled
to a 40% and 60% share of the profits of the business . . . .  

 

These conflicting assertions create a
fact issue that forecloses summary judgment based on the absence of an oral
partnership agreement.

In support of his second summary
judgment ground, Mathew invokes the statute of frauds.  The statute of frauds provides in
pertinent part:

(a) A promise or agreement
described in Subsection (b) of this section is not        enforceable unless
the promise or agreement, or a memorandum of it, is:

(1) in writing; and 

(2) signed by the person to be
charged with the promise or agreement       or by someone lawfully authorized
to sign for him. 

(b) Subsection (a) of this section
applies to:                       

(6) an agreement which is not to be
performed within one year from the date of making the agreement.

 

 Tex. Bus. & Com. Code Ann. ' 26.01 (Vernon Supp. 2007).   Whether
an agreement falls within the statute of frauds is a question of law.  Tabrizi
v. Daz-Rez Corp., 153 S.W.3d 63, 66 (Tex. App.CSan Antonio 2004, no pet.); Metromarketing
Servs., Inc. v. HTT Headwear, Ltd., 15 S.W.3d 190, 195 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

Mathew relies on our decision in Gano
v. Jamail, 678 S.W.2d 152 (Tex. App.CHouston [14th Dist.] 1984, no writ),
to bolster his contention that the asserted oral partnership agreement is
foreclosed under the statute of frauds because the agreement could not be
performed within a year.  In Gano, this court applied the rule that
duration properly may be gleaned from extrinsic evidence when the oral
agreement omits the performance term.  Id. at 154 (citing Niday v.
Niday, 643 S.W.2d 919, 920 (Tex. 1982)).  AIf that evidence conclusively proves
that the contract cannot be completed within one year, as is the case here, the
oral contract violates the Statute of Frauds as a matter of law.@  Id.  








At issue in Gano was the
enforceability of an oral partnership agreement between two lawyers handling
personal injury lawsuits.  Gano testified that (1) under the parties= oral contract the partnership was to
last until all cases were resolved; and (2) such cases last much longer than a
year.  Based on this evidence, the court concluded that the statute of frauds
foreclosed enforcement of the oral partnership agreement because full
performance of the agreement could not be completed in one year. Id. 

Mathew misplaces his reliance on Gano
because this case involves different circumstances and different evidence. 
Unlike Gano, the statute of frauds does not foreclose enforcement of the
oral partnership agreement at issue here because this agreement was at-will,
and performance of the at-will agreement was possible within one year. AA contract that could possibly be
performed within a year, however improbable performance within one year may be,
does not fall within the statute of frauds.@  Beverick v. Koch Power, Inc.,
186 S.W.3d 145, 149 (Tex. App.CHouston [14th Dist.] 2005, pet. denied) (emphasis in the
original) (citing Hall v. Hall, 158 Tex. 95, 308 S.W.2d 12, 15 (1957)). 
A contract does not fall within the statute of frauds based on the absence of a
requirement to complete performance within a year; the lack of any expectation
that performance will be completed within a year; or the fact that completion
within a year proved to be impossible in light of later circumstances.  See
Beverick, 186 S.W.3d at 149-50.  

In Beverick, appellant
admitted that actual performance of the oral agreement took two years to
complete, and that he could have completed performance in one year only under
very favorable conditions:  








When asked if he could have
completed the project in less time, [appellant] testified, ANot under the circumstances, no. 
We moved everything along as fast as we could.@ [Appellant] was asked specifically if there was any
way to have completed the project in one year, and he answered, AI mean, if the moon [sic] lined up
and if Northern States Power didn=t fight to let us go and all of the parties B you know, we had some pro forma
contract to do this on, then it would be easy.@ [Appellant] testified that AI won't say it was impossible, but
there were a lot of things that would have had to fall in place [to complete
performance within one year].@ 

 

Id. at 149. The court held that Asummary judgment
evidence, viewed in a light most favorable to [appellant], establishes the
possibility that [appellant] could have completed the Project in one year.
Therefore, the statute of frauds did not preclude [appellee] from entering into
an oral contract with [appellant].@  Id. at
150.  This reasoning
applies with equal force here.

The possibility of completing
performance within one year is especially germane to at-will partnerships
because such arrangements do not contemplate a specific date on which the
partnership will terminate.  See Heathington v. Heathington Lumber Co., 
398 S.W.2d 822, 825-26 (Tex. App.CAmarillo 1966, no writ).   Enforcement
of the oral agreement is not foreclosed under the statute of frauds when B as here B the time of
performance is not established in the oral agreement and the agreement itself
does not indicate that performance within a year is impossible.  See Boutell v. Hill, 498 S.W.2d 713, 714 (Tex. App.CEl Paso 1973, no writ).  

The oral partnership agreement at
issue here contemplated the purchase of Shiva Indian Restaurant.  Although the
purchase was not consummated until after James Chacko=s death B and more than a year after the
creation of the alleged oral partnership agreement B the restaurant purchase conceivably
could  have been accomplished within one year.  For that reason, the statute of
frauds does not bar enforcement of an oral partnership agreement whose object
was to buy and operate the restaurant.








Mathew contends that the oral
partnership agreement could not have been performed within a year given the
existence of a three-year sales contract and a five-year lease agreement. 
These agreements are not dispositive as to enforceability of the oral
partnership agreement between James Chacko and Mathew.  The sales and lease
agreements are between Mathew and Oberoi.  The sales and the lease agreements
are not agreements between James Chacko and Mathew.  These two agreements do
not establish that performance of a separate oral partnership agreement between
Mathew and James Chacko within a single year was impossible.  See Tabrizi,
153 S.W.3d at 67 (existence of a two-year note between appellee and lender was
no evidence that performance of separate oral contract between appellant and
appellee could not be completed within a year=s time). 

Conclusion

There is a genuine issue of material
fact regarding the existence of an oral partnership agreement.  The statute of
frauds does not bar enforcement of this asserted agreement.  Therefore, summary
judgment was not warranted. 

Because we have determined that
summary judgment was not warranted, we do not reach Chacko=s remaining arguments on appeal.       

The trial court=s  judgment is reversed and this case
is remanded to the trial court.

 

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 12, 2008.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Boyce.









[1]           Mathew and his wife jointly owned
Suvisangam Investments, Inc.





[2]           On April 5, 2007, Sheela Chacko filed a
motion for leave to file a fifth amended petition, simultaneously filing a
fifth and a sixth amended pleading. Mathew contested the filing of a fifth
amended petition.  The trial court denied the motion to file a fifth amended
pleading. Plaintiff=s Fourth Amended Petition is the operative pleading in
this case.