Affirmed and Memorandum Opinion
filed November 23, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00559-CV



Robert
Richardson, Appellant 

v.

Stewart &
Stevenson Services, Inc. d/b/a Santana Resolution Corp. and Stewart & Stevenson L.L.C., Appellees 



On Appeal from
the 269th District Court

Harris County, Texas

Trial Court
Cause No. 2007-22343



 

M E M O R A N D U M  O P I N I O N


Appellant Robert Richardson appeals from a summary
judgment rendered against him in his breach of contract and quantum meruit suit
against his former employer, Stewart & Stevenson Services, Inc. d/b/a
Santana Resolution Corp. (“SSSI”), and SSSI’s successor, Stewart &
Stevenson L.L.C. (“SS LLC”).  In five issues, appellant contends that the trial
court erred in rendering summary judgment on his breach of contract and quantum
meruit claims and denying his motion for new trial.  We affirm.  

I.  BACKGROUND

Richardson began his employment with SSSI in 2002 as
an engineer.  In addition to a base salary, the company offered a Management
Incentive Compensation Plan (“MICP”) to certain employees.  The stated purpose
of this plan was “[t]o provide eligible employees with the potential to earn
additional compensation in the form of an annual bonus payment based on the
Company’s financial performance.”  The MICP further explicitly provided,
“Awards will be paid annually and participants must be an active employee
at the time of distribution. . . .  Employees who terminate voluntarily or
for cause will not be eligible to receive an award.”  (emphasis added).

Richardson participated in SSSI’s 2005 MICP, which
had an effective date of February 1, 2005 to January 31, 2006.  The 2005 MICP provided
in relevant part:  

Eligibility

Officers of Stewart & Stevenson, Officers of the
Division and a select group of management recommended by the Division President
and approved by the Stewart & Stevenson President Chief Executive Officer
are eligible to participate in the Management Incentive Compensation Plan
(MICP).  Employees may not participate in another incentive compensation
program or commission plan while participating in MICP.  

. . .

Goals for 2005 Performance Measures

The following table identifies the structure of the 2005
goals.  Your financial goals depend upon several factors, including your level
and position within the organization.  You will find the specific details of
your financial goals in Attachment II.


 
 
 Measures
 
 
 Goals
 
 
 
 
 RONCE
 Including
 asset charge
 
 
 ·       
 Target
 o  
 A participant’s financial target must be met before payout
 begins.
 o  
 For participants who have more than one financial goal,
 Attachment II provides the steps for payment on each goal.
 ·       
 Over Achievement
 o  
 Awards for results between target and over achievement will be
 interpolated.
 o  
 Payout at over achievement is a maximum of two times the target
 incentive for each financial goal.
 
 
 
 
 Non-financial objectives
 
 
 ·       
 Non-financial objectives are an exception.  They can be
 approved on a case-by-case basis.  
 
 


 

Payout

·          
Awards will be paid annually.  Payment will occur during the
first quarter of the new fiscal year.

·          
Award calculations will be prorated in the case of new hires,
retirees, or deaths.

·          
Employees who terminate voluntarily or for cause will not be
eligible to receive an award.

·          
Employees who change positions or transfer during the year will
receive a prorated award based on time in each eligible position.

(emphasis added).  Richardson
signed Attachment II, his 2005 Individual Performance Measures worksheet, on
May 18, 2005.  This worksheet indicated his base salary was $104,860. 
According to his individual performance measures, if he met his “Target
Incentive Level” under the MICP, he was eligible for a $10,486 bonus.  If he
met his “Over Achievement Level,” he was eligible to receive a bonus of
$20,972.

On January 23, 2006, SS LLC purchased the division of
SSSI in which Richardson worked.  Before the sale, in October 2005, management
of SSSI held a meeting during which they discussed the upcoming sale of the
division and explained that SSSI would be responsible for a pro-rata portion of
the employees’ compensation depending on the sale date.  They further explained
that every employee would be required to apply to the new company, which
Richardson did.  The managers also assured employees that their jobs were safe
and they did not need to worry about changes in benefits.  Richardson continued
his employment with SS LLC for a short time after the sale, but voluntarily
terminated his employment for a higher-paying job in mid-March 2006.  The 2005
MICP award was distributed on April 14, 2006.

Richardson filed suit against SSSI and SS LLC,
alleging breach of contract because they failed to pay him his MICP award.  He
also asserted a claim for quantum meruit, asserting that the defendants had accepted
services from him without compensation.  Richardson amended his pleadings to
add a claim for breach of an oral contract arising out of the meeting SSSI’s
management had with employees prior to the sale to SS LLC.  SSSI and SS LLC responded,
asserting several affirmative defenses, including repudiation, failure to
perform conditions precedent, and failure of Richardson’s quantum meruit claim
because of the existence of an express contract.

In January 2009, SSSI and SS LLC filed a traditional
and no-evidence summary-judgment motion.  As is relevant to this appeal, they
asserted the following grounds for summary judgment:  (1) company policy was
unequivocally clear, at least prior to the October meeting, that the MICP was
only to be paid to active employees; (2) statements made by management during
the October meeting did not contractually modify the MICP policy and create a
contract to pay bonuses to employees who voluntarily terminated their
employment prior to the MICP payout; and (3) a quantum meruit claim cannot be
made for work performed in the scope of employment when an employee is paid a
salary for that employment.  In his response, Richardson argued that there was
sufficient evidence to raise a fact issue of all elements of his breach of
contract and quantum meruit claims.  He further asserted that the MICP contract
was ambiguous.  

The trial court granted SSSI’s and SS LLC’s
summary-judgment motion without stating the basis on March 20, 2009.  Four days
later, the trial court entered a final take-nothing judgment against
Richardson.  Richardson filed a motion for new trial, which was denied on June
2, 2009.  This appeal timely followed.

II. 
STANDARD OF REVIEW

We review a trial court’s summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  In
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, indulging every reasonable inference, and we resolve any doubts in
the nonmovant’s favor.  Nixon v. Mr. Prop. Management Co., 690 S.W.2d
546, 549 (Tex. 1985).  Where, as here, the trial court grants the judgment
without specifying the grounds, we affirm the summary judgment if any of the
grounds presented are meritorious.  FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872B73
(Tex. 2000).  

A traditional summary judgment is proper when the
defendant either negates at least one element of each of the plaintiff’s
theories of recovery or pleads and conclusively establishes each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997); Cullins v. Foster, 171 S.W.3d 521, 530 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  When the defendant has carried
its summary judgment burden, the burden shifts to the nonmovant to raise a
material fact issue precluding summary judgment.  Virginia Indonesia Co. v.
Harris County Appraisal Dist., 910 S.W.2d 905, 907 (Tex. 1995).  When
considering a no-evidence motion for summary judgment, we will sustain the
motion when (1) there is a complete absence of proof of a vital fact; (2) rules
of law or evidence bar the court from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a scintilla; or (4) the evidence conclusively establishes the
opposite of a vital fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003)751; Walker v. Thomasson Lumber Co., 203 S.W.3d 470, 474
(Tex. App.—Houston [14th Dist.] 2006, no pet.).  

Finally, the law in regard to contract interpretation
is clear and well-settled.  The interpretation of an unambiguous contract is a
question of law, which is reviewed de novo.  MCI Telecomms. Corp. v.
Tex. Utils. Elec. Co., 995 S.W.2d 647, 650–51 (Tex. 1999).  Whether a
contract is ambiguous is also a question of law.  Columbia Gas Transmission
Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996).  With these
principles in mind, we turn to the facts of this case.

III.  ANALYSIS

Here, Richardson raises five issues challenging the
trial court’s summary judgment.  However, our disposition of this case turns on
the following grounds presented in SSSI’s and SS LLC’s summary-judgment
motion:  (1) whether there was a valid contract to pay the MICP award to employees
who voluntarily terminated their employment prior to distribution of the award,
and (2) whether a claim for quantum meriut is available under the circumstances
presented here.  After thoroughly reviewing the record, we conclude that
summary judgment in favor of SSSI and SS LLC was proper.

A.  No Contract to Pay MICP Award to Employees Who Voluntarily Resigned

In his second issue, Richardson asserts that the
trial court reversibly erred by granting summary judgment because the contract
is ambiguous.[1] 
This issue is seemingly responsive to SSSI’s and SS LLC’s summary-judgment argument
that there was no valid contract to pay MICP awards to employees who voluntarily
resigned.  

If a contract is worded in such a way that it can be
given a definite or certain legal meaning, then the contract is not ambiguous. 
Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc., 297 S.W.3d 248,
252 (Tex. 2009).  Whether a contract is ambiguous is a legal question
for the court.  Dynegy Midstream Servs., Ltd. P’ship v. Apache Corp.,
294 S.W.3d 164, 168 (Tex. 2009).  A contract is not ambiguous when its meaning
is certain or definite and not susceptible to more than one reasonable
interpretation.  See id.  We give contract terms their plain and
ordinary meaning unless the contract indicates that the parties intended a
different meaning.  Id.  A contract is not ambiguous just because the
parties disagree over its meaning.  Id.  We construe an unambiguous
contract as a matter of law.  Id.

Here, Richardson attempts to create ambiguity where
none exists.  First, he asserts that because “all of the employees who received
MICP compensation were in fact ‘terminated’ from [SSSI] and did not execute a
new contract with [SS] LLC, none were arguably ‘active employees’ at the time
of distribution.”  Even if this argument were true, it militates in favor of
Richardson’s—and all other former SSSI employees’—not receiving a
bonus.  We thus conclude that this interpretation of the contract is
unreasonable.  See id.  He further argues that because he was “on the
payroll” and received his final paycheck on the same date as other employees
received their MICP award checks, “a fact-finder is . . . needed to determine
if Appellant met the definition of ‘active employee.’”  We disagree.  As noted
above, an unambiguous contract is subject to interpretation as a matter of
law.  Id.  In short, as detailed above, the language of both the 2005 MICP
award program and the accompanying description of the MICP plan provided
explicitly that “employees who voluntarily terminate” are not eligible for the
award.  The description of the award program further provided that only
employees who are “active” at the time of “distribution” are eligible for the
award.  Although Richardson was “active” while the award accumulated, he
voluntarily terminated his employment prior to distribution of the award.  Thus
he was no longer an “active” employee when the MICP award was distributed; in
fact, he was admittedly “actively” employed by an entirely different company at
that time.  Based on the plain language of the contract, he was ineligible to
receive the award.  See id.  (explaining that words should be given
their plain and ordinary meaning unless the contract provides otherwise).  We conclude
that summary judgment was appropriate on Richardson’s contract claim on this
basis.  We overrule his first, second, and third issues.[2]

B.  Quantum Meruit Claim

In his fourth issue, Richardson contends that the
trial court erred by granting summary judgment based on SSSI’s and SS LLC’s
“notion that [their] payment of a ‘regular’ salary precluded [his] receipt of quantum
meruit for ‘extra’ services.”  

The equitable theory of quantum meruit is premised on
a promise implied by law to pay for beneficial services rendered and knowingly
accepted.  See Beverick v. Koch Power, Inc., 186 S.W.3d 145, 154 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied); Shannon v. S. Co. Energy Mktg.,
L.P., No. , 2002 WL 1733243, at *2 (Tex. App.—Houston [14th Dist.] 2002, no
pet.) (not designated for publication).  Generally, a party may recover under a
quantum meruit theory only when there is no express contract covering the
services for which compensation is sought.  In re Kellogg Brown & root,
Inc., 166 S.W.3d 732, 740 (Tex. 2005) (orig. proceeding); Hester v.
Friedkin Cos., Inc., 132 S.W.3d 100, 106 (Tex. App.—Houston [14th Dist.]
2004, pet. denied).  Here, there is an express contract covering the services
for which Richardson seeks compensation—the MICP award agreement, which, as
discussed above, expressly precludes Richardson’s recovery.

Additionally, Richardson performed his work in the
scope of employment, for which he was paid a salary of over $100,000. 
Richardson seeks payment through a theory of quantum meruit for the value of
the services he performed in the scope of his employment.  The fact that
Richardson “over-achieved” and went “above and beyond the call of duty” in
performing his job, for which he was compensated by a salary, does not entitle
him to extra compensation.  See Beverick, 186 S.W.3d at 154; Shannon,
2002 WL 1733243, at *2.  Under these circumstances, we agree that the trial
court properly granted summary judgment on Richardson’s quantum meruit claim. 
We thus overrule his fourth issue.  Additionally, because summary judgment was
proper on all of Richardson’s claims, we overrule his fifth issue regarding the
trial court’s denial of his motion for new trial.

For the foregoing reasons, we affirm the trial court’s
judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Yates, and Senior Justice Price.*

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

* 
Senior Justice Frank C. Price sitting by assignment.  

 









[1]
Richardson first makes the rather novel argument that because the trial court
granted appellees’ “Traditional and No-Evidence Motions for Summary Judgment,”
it could not have found the contract unambiguous because it necessarily found
that there was no valid contract.  We note that SSSI and SS LLC filed only one
motion, entitled “Traditional and No Evidence Motion for Summary Judgment.”  In
the breach of contract portion of their motion, SSSI and SS LLC stated that
summary dismissal of Richardson’s breach of contract claim is appropriate under
both traditional and no-evidence grounds.  





[2]
See FM Props. Operating Co., 22 S.W.3d at 872B73 (stating that we must affirm summary
judgment if any of the grounds presented in the motion are meritorious)