Opinion issued April 22, 2010.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00598-CV

———————————

Charles Blevins, Appellant

V.

Diane E.
Andrews, Appellee



 



 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas



Trial Court Case No. 892105

 



 

MEMORANDUM OPINION

          Appellant
Charles Blevins appeals the trial court’s grant of summary judgment in favor of
appellee, Diane E. Andrews, removing a lien from property Andrews currently
owns.  In three issues, Blevins argues
that the trial court erred: (1) in ordering the removal of the lien; (2) in
granting summary judgment in favor of Andrews because she failed to negate at
least one element of his counterclaim and because he produced some evidence on
his counterclaim; and (3) in granting summary judgment in favor of Andrews
because her motion was the subject of proper special exceptions.

          We
affirm.

BACKGROUND

          On
May 17, 2006, Willie Dean Floyd transferred property in Harris County, Texas to
Andrews by warranty deed, and Andrews filed the deed with the county property
records on July 10, 2006.  On July 6,
2006, Blevins filed an affidavit claiming a $14,400 lien against the
property.  The affidavit claimed that
Blevins was owed the money because “in accordance with a contract with Floyd
Willie Dean, [he had] furnished labor, services, or materials consisting of . .
. moving property from off [sic] bushes, keep up-trash, doing all up-keep, lawn care, keeping people off, set-up, keep it
up for over twenty years.”  

          On May
1, 2007, Andrews filed suit to remove the lien on the ground that Blevins’ “claim
or lien is invalid” because: (1) a copy of the filed affidavit was not provided
to Andrews or to Floyd, the previous owner, within five days of its filing with
the county clerk, as required by section 53.055(a) of the Texas Property Code;
(2) the affidavit asserting the lien was not filed before the 15th day of the
fourth calendar month after the day on which the indebtedness accrued, as
required by section 53.052(a) of the Property Code; (3) Blevins did not furnish
notice of his claim to Andrews, as required by section 53.056 of the Property
Code and he did not give Andrews notice of any alleged debt for labor or
services; and (4) Blevins failed to provide a statement of each month in which
work was done for which payment was requested, as required by section 53.054 of
the Property Code.

          Blevins
filed a general denial asserting that he “provided for the upkeep and
maintenance of the property” and “has not received the compensation due him in
return for the services he has provided.” 
Blevins’ answer further alleged “by way of affirmative and/or verified
defenses: estoppel, accord and satisfaction, fraud, adverse possession, and failure
of consideration.”  No further allegations
were made regarding his affirmative defenses. 
He also asserted a counterclaim that Andrews “has defaulted in paying
the debt of $14,400” and that he, Blevins, “has performed valuable services in
regard to the property at issue” and “believes that he can establish liability
for these services by implied contract and that natural justice and equity
based on the doctrine of unjust enrichment would require that he be compensated
for said services under the doctrine of quantum meruit.”    

On June 27, 2007, Andrews filed her
“summary motion to remove invalid lien.” 
She reasserted the claims she made in her petition under sections
53.055(a), 53.052(a), 53.056, and 53.054 of the Property Code and supported her
motion with the warranty deed conveying the property to her and several
affidavits.  Andrews’ affidavit stated
that the “property was transferred to her on May 17, 2006, by Willie Dean Floyd,”
that she “never received from Charles Blevins a copy of the affidavit he filed
claiming a lien against the property,” and that she “never received from
Charles Blevins a notice of claim for any alleged debt for labor or services
rendered to me or Willie Dean Floyd for construction or repair of the property.”  Willie Dean Floyd’s affidavit averred that
Floyd likewise never received a copy of the affidavit or notice of the claim
for alleged debt.

In response to Andrews’ motion, Blevins
argued that Andrews had not shown that she was entitled to summary judgment as
a matter of law, that her motion did not comply with section 53.160(a) of the
Property Code, that Andrews might not have standing to bring her suit because
she “has not shown that the Warranty Deed she received from Willie Dean Floyd
is valid,” and that the trial court should deny Andrews’ motion because of Blevins’
pending counterclaim.  Blevins attached a copy of a special
warranty deed dated July 25, 2000 that conveyed property with a different legal
description from the property at issue here from “William Floyd, also known as
William Floyd, Jr., and Willie Dean Floyd” to “William Floyd and Willie Dean
Floyd, Trustees of The William Floyd and Willie Dean Floyd Revocable Living
Trust.”  Aside from providing this deed
conveying a different piece of property, Blevins did not make any other
argument or present any other evidence in the trial court or on appeal
supporting his claim that Andrews’ warranty deed was invalid.

On August 1, 2007, the trial court
entered an order removing the invalid lien from Andrews’ property without
stating which of Andrews’ grounds it relied upon in issuing its order.

On December 7, 2007, Andrews filed
a “motion for no evidence and traditional summary judgment,” in which she
addressed each of Blevins’ affirmative defenses and counterclaims.  She argued that Blevins had no evidence
supporting any of his affirmative defenses or his counterclaim that she was
indebted to him and that any claim he might have was actually against Willie
Dean Floyd.

On December 17, 2007, Blevins filed
“special exceptions to Plaintiff’s motion for summary judgment,” arguing that Andrews’
motion for summary judgment was “vague and ambiguous,” that it did not present
any grounds or evidence supporting traditional summary judgment, and that the
no-evidence portion of the summary judgment motion was improper because it “has
attached to it some evidence that purports to support the no evidence motion
for summary judgment.”  

 

Blevins also provided an affidavit,
which stated in relevant part:

2.
Since 1986, I have maintained the property the subject of this lawsuit by
cutting the grass, picking up the trash, maintaining the lawn and kept people
off the property.

 

3.
William Floyd was the owner of the property and on several occasions promised
to pay me for my services but did not, until he died.

 

4.
I filed my lien for the amount of work that I had done on this property that he
promised to pay me for.  I still have not
been paid for the work I did on the property hence my counterclaim.

 

          Andrews
responded to Blevins’ special exceptions on December 28, 2007, arguing that special
exceptions were not the proper method to challenge her motion for summary
judgment and arguing that her motion and accompanying evidence were
proper.  The trial court granted summary
judgment in Andrews’ favor on January 25, 2008, without stating the grounds upon
which it relied, and signed the final judgment on May 20, 2008 disposing of
Blevins’ counterclaims.  Blevins
appealed.[1]

 

 

ANALYSIS

A.      Standard of Review

We review a trial court’s grant of summary judgment de
novo.  Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When a party moves for both a traditional and
a no-evidence summary judgment, we first review the trial court’s summary
judgment under the no-evidence standard of Texas Rule of Civil Procedure
166a(i).  Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004).  If the
no-evidence summary judgment was properly granted, we do not reach arguments
under the traditional motion for summary judgment.  Id.

To prevail on a no-evidence motion for summary judgment, the
movant must establish that there is no evidence to support an essential element
of the non-movant’s claim.  Tex. R. Civ. P. 166a(i); see
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  The burden then shifts to the non-movant to
present evidence raising a genuine issue of material fact as to the elements
specified in the motion.  Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  “The trial court must grant the motion
unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on the challenged elements.”  Flameout Design & Fabrication, 994
S.W.2d at 834.

          To prevail on a traditional summary
judgment motion, the movant has the burden of proving that he is entitled to
judgment as a matter of law and that there are no genuine issues of material
fact.  Tex.
R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).  When, as here, the trial court’s
summary judgment order does not state the basis for the trial court’s decision,
we must uphold the order if any of the theories advanced is meritorious.  Knott,
128 S.W.3d at 216.

B.      Trial
Court’s Grant of “Summary Motion to Remove
Invalid Lien”

          In
his first issue, Blevins argues that the trial court erred in granting Andrews’
summary judgment motion to remove invalid lien.

Section 53.160 of the Texas
Property Code provides:

(a)   In a suit brought to foreclose
a lien or to declare a claim or lien invalid or unenforceable, a party
objecting to the validity or enforceability of the claim or lien may file a
motion to remove the claim or lien. The motion must be verified and state the
legal and factual basis for objecting to the validity or enforceability of the
claim or lien.  The motion may be
accompanied by supporting affidavits.

 

(b)   The grounds for objecting to
the validity or enforceability of the claim or lien for purposes of the motion
are limited to the following:

 

(1)                  
notice of claim was not furnished to the owner or original contractor as
required by Section 53.056[2] . . . ;

 

(2)                  
an affidavit claiming a lien failed to comply with Section 53.054[3] or was not filed as
required by Section 53.052[4];

 

(3)                  
notice of the filed affidavit was not furnished to the owner or original
contractor as required by Section 53.055[5]. . . .

 

Tex. Prop. Code Ann. § 53.160
(Vernon 2007).  Thus, Section 53.160
expressly provides authority for the trial court to hear a summary motion to
remove a lien that is based on any one of the grounds set out in subsection (b).  See id.
Furthermore, if the trial court determines that the movant is entitled to removal
of the lien, the trial court has authority to “enter an order removing the lien
claimed in the lien affidavit.”  See id. § 53.160(e).

          Here,
Andrews argued in her summary motion to remove the invalid lien that a copy of
the filed affidavit was not furnished to her, as the owner, or to the previous
owner, Willie Dean Floyd, as required by section 53.055, that neither she nor
Floyd was notified as required by section 53.056, that Blevins’ affidavit was
not filed in compliance with section 53.052, and that the affidavit failed to
provide all of the information required by section 53.054.  In his appellate brief, Blevins addresses
Andrews’ arguments under sections 53.054 and 53.055 only by arguing (1) that because
his Claim of Lien was filed on July 6, 2006, before the warranty deed conveying
the property to Andrews was filed on July 10, 2006, Andrews cannot complain of
lack of notice because she was not the record owner of the property when the
lien was filed and (2) that he substantially complied with section 53.054 of
the Texas Property Code.[6]  He leaves unchallenged on appeal Andrews’
claims that he failed to comply with sections 53.052 and 53.056.

          “[A]n appellant must attack all independent bases or
grounds that fully support a complained-of ruling or judgment.”  Britton v. Tex. Dep’t of Crim. Justice,
95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If an appellant does not assign any error to
an independent ground that, if meritorious, would fully support the
complained-of ruling or judgment, we must accept the validity of that
unchallenged independent ground and affirm the ruling or judgment.  Id. at 680–81 (“This rule is
based on the premise that an appellate court normally cannot alter an erroneous
judgment in favor of an appellant in a civil case who does not challenge that
error on appeal.”) (citing Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993)).  Because Blevins did not attack two
independent grounds that, if meritorious, would fully support the trial court’s
order removing the invalid lien, we accept the validity of the judgment on the
unchallenged independent grounds of his failure to comply with sections 53.052
and 53.056.  See id.

          We overrule Blevins’ first issue.

C.      Summary
Judgment on Blevins’ Counterclaim

          In his second and third issues,
Blevins argues that the trial court erred in granting Andrews’ motion for
summary judgment because Andrews failed to negate at least one essential
element of his counterclaims and because he produced some evidence on his
counterclaims.  Also in his third issue,
Blevins argues that the trial court erred in granting Andrews’ motion for
summary judgment, thereby impliedly overruling his special exceptions.

Blevins asserted in his counterclaim that Andrews has “defaulted in paying the debt of $14,400” and that he had
“performed valuable services in regard to the property at issue” and believed
that he could “establish liability for these services by implied contract and
that natural justice and equity based on the doctrine of unjust enrichment
would require that he be compensated for said services under the doctrine of
quantum meruit.”  Thus, the existence of an
agreement between Andrews and himself for provision of paid services was an
essential element of Blevins’ counterclaim that Andrews was indebted to
him.  See Beverick v. Koch Power,
Inc., 186 S.W.3d 145, 150
(Tex. App.—Houston
[1st Dist.] 2005, pet. denied) (holding that plaintiff must establish valid
contract existed between himself and defendant to recover on his claim for
breach of agreement to pay for services). 
Furthermore, the provision of services, goods, or materials to Andrews
under circumstances that would provide her reasonable notice that Blevins
expected to be paid was an essential element of Blevins’ quantum meruit counterclaim.  See Wohlfahrt v. Holloway, 172 S.W.3d 630, 634 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (“[T]o
prove quantum meruit, a party must show that (1) valuable services were
rendered or materials furnished; (2) for the person sought to be charged; (3)
which services and materials were accepted by the person sought to be charged
and used and enjoyed by him; (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff in performing such
services was expecting to be paid by the person sought to be charged.”).

Andrews argued in her motion for summary judgment that Blevins had provided
no evidence that she “agreed to pay [him] for anything” or that he “rendered
any service to [her] or provided [her] with any goods or materials for which
[she] agreed to pay.”  Blevins failed to
present evidence in response to this argument raising a genuine issue of material fact as to any
agreement between Andrews and himself or as to any services or materials that
he provided to Andrews.  See Mack Trucks, Inc., 206 S.W.3d at
582 (holding that once movant establishes that there is no evidence to support
an essential element of non-movant’s claim, burden then shifts to non-movant to
present evidence raising genuine issue of material fact as to challenged
element).  In fact, Blevins’ pleadings and his own affidavit only allege an
agreement with and services provided to “Floyd Willie Dean” or “William Floyd,”
not to Andrews.  We conclude that the trial court did not err in
granting Andrews’ motion for summary judgment on Blevins’ counterclaims.  See Knott, 128
S.W.3d at 216 (holding that we must affirm summary judgment order if any theory
advanced is meritorious); Flameout Design & Fabrication, 994 S.W.2d
at 834 (holding that trial court must grant summary judgment unless non-movant
meets its burden of producing evidence raising genuine issue of material fact
on challenged elements).

This holding also disposes of Blevins’ argument that the
trial court erred in not considering his special exceptions.  Blevins argued that the grounds for summary
judgment presented by Andrews were unclear. 
However, as we have already discussed, Andrews’ motion clearly argued
that Blevins had no evidence of an essential element of his counterclaims, and
the trial court’s grant of summary judgment was properly supported by that
theory.

We overrule Blevins’ second and third issues.

CONCLUSION

          We affirm
the judgment of the trial court.

 

 

 

                                                                   Evelyn
Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 











 

[1]               Andrews did not file an
appellee’s brief.  On September 8, 2009,
we notified Andrews that we would set the case for submission without her brief
unless she filed the brief or a motion to extend time to file the brief by
September 28, 2009.  Texas Rule of
Appellate Procedure 38.1(g) provides, “In a civil case, the court will accept
as true the facts stated unless another party contradicts them.  The statement must be supported by record
references.”  Tex. R. App. P. 38.1(f). 
Thus, we accept any statements made by Blevins in his statement of facts
as true.  See id.





[2]
              A claimant other than an original contractor must
give written notice of the unpaid balance to the appropriate parties “not later
than the 15th day of the second month following each month in which all or a
part of the claimant’s labor was performed or material delivered.”  Tex.
Prop. Code Ann. § 53.056 (Vernon 2007).

 





[3]
              The affidavit claiming a lien must contain specific
information, including a “general statement of the kind of work done and materials
furnished by the claimant and, for a claimant other than an original
contractor, a statement of each month in which the work was done and materials
furnished for which payment is requested.” 
Tex. Prop. Code Ann. §
53.054(a) (Vernon 2007).

 





[4]
              To perfect the lien, the person seeking it must file
an affidavit with the county clerk of the county in which the property is
located no later than the 15th day of the fourth calendar month after the day
on which the indebtedness accrues, or, for liens arising from a residential
construction project, by the 15th day of the third calendar month after the day
on which the indebtedness accrues.  Tex. Prop. Code Ann. §§ 53.051,
53.052(a)-(b) (Vernon 2007).

 





[5]           The person who files the affidavit must also provide notice
to the owner of the property by sending “a copy of the affidavit by registered
or certified mail to the owner or reputed owner at the owner’s last known
business or residence address not later than the fifth day after the date the
affidavit is filed with the county clerk.” 
Tex. Prop. Code Ann. § 53.055
(Vernon 2007).

 





[6]               Blevins also argues, “A constitutional mechanic’s lien
can exist even if the lien holder fails to comply with the legislative
requirements for statutory liens.” 
However, he did not make any arguments or file any pleadings to this
effect in the trial court.  Therefore,
this argument is waived.  See Tex.
R. App. P. 33.1.  In addition,
Blevins argues that Andrews “produced no evidence of the chain of title of the
property.”  However, the statute does not
require evidence of chain of title.  The
statute requires only that the required notices go to the “owner or reputed
owner.”  See, e.g., Tex. Prop. Code Ann. §§ 53.055(a),
53.056(c).  Andrews argues that neither she nor Floyd received the
required notice.  Thus Blevins’ argument
that Andrews failed to produce evidence of the chain of title to the property
is irrelevant.