Opinion issued August 20, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00913-CV
_____

**REFUGIO SANCHEZ, Appellant**

**V.**

**PRECISION DRILLING COMPANY, LP, Appellee**

---

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2015-77477

---

## MEMORANDUM OPINION

Refugio Sanchez was injured on a jobsite while working for independent contractor Precision Drilling Holdings Company (Holdings). He sued Precision Drilling Company, LP (Precision), another independent contractor working at the jobsite, for negligence in failing to ensure a safe work environment. In one issue,

Sanchez challenges the trial court's rendition of summary judgment in favor of Precision on both matter-of-law and no-evidence grounds.

We affirm.

## Background

COG Operating LLC, an exploration and production company, contracted with Precision to drill several oil and gas wells. As part of the contract, COG agreed to pay Precision for "mobilization," which included "move in, rig up, [and] rig down."

COG contracted separately with Holdings to transport oil and gas rigs at its well sites. Sanchez worked as a "swamper" for Holdings, mainly assisting Holdings' truck drivers in moving the rigs.

On April 30, 2013, Sanchez and fellow Holdings employees Ivan Torres and Austin Matejowsky were working to transport Precision's Rig 105 to a COG well site. As part of this project, the three men were tasked with loading a portable generator onto a pole truck and moving it to another position at the site.

Pursuant to Torres's instructions, Sanchez used chains and rope to secure the generator to the truck. Once the generator was loaded, Torres got behind the wheel of the pole truck. Sanchez and Matejowsky remained outside of the truck, and Matejowsky began flagging Torres to back it up. While he was directing Torres, Matejowsky radioed Precision's rig manager, Ricky Menard—the only Precision

2

employee involved in the accident—to ask him where they should place the generator. At that moment, the generator began to swing to the drivers' side, causing Torres to lose control of it. In an effort to gain control of the generator, Sanchez held onto the tag line with two hands and followed it to the rear of the truck. Matejowsky saw neither the load begin to swing nor Sanchez's position behind the truck, and continued flagging Torres to back up. As Sanchez stepped between the generator and the pole truck, the pole truck ran over his right foot and leg. Sanchez suffered severe injuries, and as a result, had to have his leg amputated.

Sanchez sued Precision for negligence, alleging that it breached its duty to maintain a safe work environment for the mobilization work he was performing when he was injured.

Precision moved for both traditional and no-evidence summary judgment. The trial court granted Precision's motion and dismissed Sanchez's suit.

## Summary Judgment

### A.     Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable

inference and resolve any doubts in the nonmovant's favor. *Valence Operating*, 164 S.W.3d at 661; *Provident Life*, 128 S.W.3d at 215.

Following an adequate time for discovery, a party may move for summary judgment on the basis that there is no evidence of one or more essential elements of a claim on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). To defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). "More than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 376 (Tex. App.—Houston [1st Dist.] 2012, pet denied) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). We consider the evidence in the light most favorable to the nonmovant and indulge every reasonable inference from the evidence in the nonmovant's favor. *Lightning Oil*, 520 S.W.3d at 45.

A party moving for traditional summary judgment bears the burden of proving that no genuine issues of material fact exist on at least one essential element of the cause of action asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lightning Oil*, 520 S.W.3d at 45. A matter

is conclusively established if reasonable people could not differ as to the conclusions to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the non-movant to raise a fact issue precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

When, as here, the summary judgment order does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds are sufficient to support the judgment. *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We will affirm a summary judgment ruling if any of the grounds asserted in the motion are meritorious. *Lightning Oil*, 520 S.W.3d at 45; *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

**B.  Analysis**

In his sole issue on appeal, Sanchez argues that the trial court erred by granting Precision's summary-judgment motion on both traditional and no-evidence grounds. We begin with the no-evidence motion. *See Lightning Oil*, 520 S.W.3d at 45 ("If a party moves for summary judgment on both traditional and no-evidence grounds, as the parties did here, we first consider the no-evidence motion.").

5

In its no-evidence motion, Precision challenged each of the elements of Sanchez's negligence claim, including duty, breach of that duty, and damages proximately caused by the breach. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). If the trial court could have properly granted summary judgment based on a lack of evidence of proximate cause, we must affirm. *See Doe v. Messina*, 349 S.W.3d 797, 804 & n.6 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (upholding summary judgment based on proximate cause without reaching question of duty). Accordingly, we consider whether Sanchez produced at least a scintilla of evidence raising a genuine issue of material fact as to whether Precision proximately caused his injuries. *See Lightning Oil*, 520 S.W.3d at 45 ("When a trial court does not specify the grounds it relied upon in making its determination, reviewing courts must affirm summary judgment if any of the grounds asserted are meritorious.").

The components of proximate cause are cause in fact and foreseeability. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, No. 17-0730, — S.W.3d — 2019 WL 2710037, at *8 (Tex. June 28, 2019); *Rampersad v. CenterPoint Energy Houston Elec., LLC*, 554 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "The cause-in-fact element is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act . . . the harm would not have occurred." *HMC Hotel Props. II Ltd. P'ship v. Keystone-Tex.*

6

*Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014). Even if a plaintiff's injuries would not have occurred in its absence, a defendant's conduct may be too attenuated from the resulting injuries to be a substantial factor in bringing about the harm. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). For example, merely furnishing a condition which makes the injuries possible, *see id.*, or placing a person in a particular place at a particular time, do not, without more, amount to cause in fact. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991). Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *McKenzie*, 2019 WL 2710037, at *9; *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). "These elements cannot be established by mere conjecture, guess, or speculation." *HMC Hotel Props.*, 439 S.W.3d at 913.

On this record, we begin and end with cause in fact, which asks whether Precision's (allegedly) negligent act or omission was "a substantial factor in bringing about" the injury, without which the harm would not have occurred. *See IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799. "A substantial factor is one that reasonable people would regard as a cause in the popular sense of the word, in which there lurks the idea of responsibility." *Critical Path Res., Inc. v. Cuevas*, 561 S.W.3d 523, 545–46 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (citing *Lear Siegler*, 819 S.W.2d at 472)).

7

Relying on the report of his expert, Douglas W. Smith, and Holdings' Serious Incident Investigation Report, which Smith reviewed in forming his opinions, Sanchez argues that Menard, Precision's rig manager, caused his injuries by distracting Matejowski and thus preventing him from seeing that Sanchez was behind the pole truck as he continued to direct Torres to back it up.

Smith's report identifies nine factors—taken almost verbatim from Holdings' Incident Report—that he opines contributed to causing Sanchez's injuries.[1] One of these factors implicated Precision's involvement in the generator move:

> [Matejowsky] was distracted by communicating with [Menard, Precision's rig manager], on where to place the load while flagging the pole truck operator.

Smith's opinion merely lists all nine factors under the heading "Contributing Factors." It does not conclude that Matejowsky's involvement was a substantial factor in bringing about Sanchez's injuries. *See IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799 (test for cause in fact is whether negligent "act or omission was a substantial factor in bringing about the injuries" and without which harm would

---

[1] The remaining eight factors include (1) the height of the pole truck compared to Sanchez's height; (2) Sanchez's failure to attend a pre-job safety meeting; (3) the manner in which Sanchez installed the tag line; (4) lack of means for Sanchez to contact Torres when the load began to shift; (5) Matejowsky's failure to observe both the load rotate and Sanchez's position behind the pole truck; (6) Sanchez's placement behind and proximity to the pole truck; (7) Sanchez's attempt to control the load when the pole truck was moving; and (8) Torres's failure to see that Sanchez had moved behind the pole truck.

not have occurred). Thus, Smith's opinion falls short of what is required to demonstrate cause in fact. *See Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 875 (Tex. App.—Beaumont 2007, pet. denied) (holding that testimony that event "contributed to" patient's death and decreased patient's "likelihood of surviving" was no evidence of proximate cause); *Sisters of St. Joseph of Tex., Inc. v. Cheek*, 61 S.W.3d 32, 36–37 (Tex. App.—Amarillo 2001, pet. denied) (holding that testimony that negligence "caused or contributed to" patient's death was no evidence of proximate cause).

Likewise, Holdings' Incident Report provides no evidence that Menard's involvement was a substantial factor in causing Sanchez's injuries. The Report states that Matejowsky "was distracted by communicating with [Precision's] rig manager . . . and did not observe when the load began to swing or when [Sanchez] got positioned behind the truck." Nothing in the report indicates that Menard was the cause of Majowsky's distraction, and Sanchez has not provided any additional evidence to that effect. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009) ("Causation must be proved, and conjecture, guess, or speculation will not suffice as that proof."). Indeed, the Report indicates that Matejowsky—not Menard—initiated the contact that Sanchez claims caused Matejowsky to be distracted: "[Matejowsky] asked [Menard] where to put the generator and at the same time . . . [Matejowsky] was

flagging [Torres]." Even assuming Menard caused Matejowsky to be distracted, Sanchez has provided no evidence, given the eight other factors listed in the Incident Report, that Matejowsky's distraction was a substantial factor in bringing about his injuries. We therefore hold that, without more, taking Matejowsky's call is no evidence of an act or omission by Menard that was a substantial factor in bringing about Sanchez's injury. *See IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798–99.

We conclude that because Sanchez has provided no evidence that Precision caused Sanchez's injuries, the trial court properly granted Precision's no-evidence motion for summary judgment. Our conclusion makes it unnecessary to address whether Sanchez presented evidence of duty or breach.[2]

We overrule Sanchez's sole issue.

---

[2]  Because we hold that Precision is entitled to summary judgment on its no-evidence motion, we do not address its traditional motion. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("When a trial court does not state the basis for its decision in its summary judgment order, as in this case, we must uphold the order if any of the theories advanced in the motion is meritorious.").

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.