**Opinion issued March 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00210-CV

————————————

**FREEDOM EQUITY GROUP, INC., Appellant**

**V.**

**MTL INSURANCE COMPANY, Appellee**

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2012-28165-A

## MEMORANDUM OPINION

Freedom Equity Group, Inc. (FEG) appeals a summary judgment in favor of

MTL Insurance Company. FEG sued MTL for breach of contract, promissory

estoppel, and fraud based upon alleged oral promises made before FEG signed a

contract to sell MTL insurance products. MTL moved for summary judgment on all of FEG's claims, and the trial court granted the motion. We affirm.

## Background

FEG recruits and trains life insurance agents and MTL is an insurance company. MTL contracts with individuals and companies to become Marketing General Agents (MGAs); within MTL's sales hierarchy, there are usually one or more General Agents (GAs) directly below an MGA.

On Tuesday, November 24, 2009, Ron Bloomingkemper, FEG's Chairman of the Board, and Clay Campbell, an independent insurance agent who worked for FEG, met with MTL Regional Vice-President Gene Stewart in Dallas to discuss FEG signing an MGA contract with MTL. FEG alleges that Stewart told Bloomingkemper that any applicant for an MGA contract must have a Texas insurance license to be considered. FEG previously had a Texas insurance license, but it had lapsed. FEG claims that, as a result, Stewart, Bloomingkemper, and Campbell reached the following oral agreement:

- Campbell, who had a current Texas insurance license, would become an MGA with MTL, and FEG would become a GA below Campbell in the sales hierarchy;

- FEG would seek reinstatement of its Texas insurance license; and

- After FEG renewed its insurance license, the parties would alter their contractual relationship such that FEG would become the MGA and Campbell would become a GA below FEG in the sales hierarchy.

2

Subsequently, Campbell signed a contract to become an MGA with MTL and FEG signed a contract to become a GA under Campbell.

In February 2010, FEG's Texas insurance license was reinstated. However, according to FEG's allegations, Campbell was not willing to abide by his oral agreement to terminate his MGA contract and become a GA under FEG. In May 2012, FEG sued MTL and Campbell, alleging that they wrongfully refused to convert the MGA contract to FEG's name once FEG renewed its insurance license. FEG asserted causes of action for breach of contract, promissory estoppel, and fraud. FEG claimed that it spent money in reliance upon the representation that it would become an MGA and that Campbell received money that should have been awarded to FEG if the contracts had been converted as promised.

MTL moved for traditional summary judgment on all of FEG's claims. MTL argued that FEG's breach of contract claim failed as a matter of law because MTL's alleged promises were not enforceable or were negated by subsequent agreements between FEG and Campbell. MTL argued that FEG's promissory estoppel and fraud claims failed because any reliance on the alleged oral promises was unreasonable as a matter of law. MTL also argued that FEG's fraud claim was

barred by the economic loss rule. The trial court granted summary judgment without specifying its reasons.[1]

**Discussion**

On appeal, FEG "concedes that it cannot prevail on a traditional breach of contract" claim, but contends that the trial court erred in granting summary judgment on its promissory estoppel and fraud claims. Ant. Br. 11. In its summary-judgment motion, MTL argued that both the promissory estoppel and fraud claims must fail because FEG's reliance on the alleged promises was unreasonable as a matter of law, for three reasons: (1) its relationship with FEG was terminable at will, (2) the alleged oral promises were contingent on FEG's renewal of its insurance license and other factors, and (3) the written agreement between FEG and MTL contained a merger clause stating that the written agreement constitutes the entire agreement between the parties. We conclude that the merger clause in the written agreement forecloses FEG's promissory estoppel and fraud claims.

**A.      Standard of Review**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary

---

[1]      After the trial court granted MTL's motion for summary judgment, it severed the claims between MTL and FEG from FEG's claims against Campbell. Campbell is not a party to this appeal.

judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

## B. Promissory Estoppel

### 1. Applicable Law

The elements of promissory estoppel are (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial, reasonable, and justifiable reliance by the promisee to his detriment. *See Ortiz v. Collins*, 203 S.W.3d 414, 421 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Sipco Servs. Marine v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 605 (Tex. App.—Houston [1st Dist.] 1993, no writ). A party may not prevail on a promissory estoppel claim by relying upon an alleged oral promise that "is directly contradicted by the express, unambiguous

5

terms of a written agreement between the parties." *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Thus, where the parties' agreement states that it contains the entire agreement between the parties or contains a similarly-worded merger provision, alleged oral promises made before the agreement was signed that conflict with the agreement cannot support a promissory estoppel claim. *See id.*

### 2. Analysis

The merger clause in the GA Agreement states:

Entire Agreement. This Agreement shall supersede any prior agreement between the Company and the General Agent in relation to policies issued through the General Agent after the Agreement becomes effective. The foregoing together with accompanying schedules constitutes the entire Agreement between the parties.

FEG alleges that MTL orally promised to alter the parties' relationships to make FEG the MGA and Campbell the GA after FEG's Texas license was reinstated. But FEG then agreed to the terms of the GA Agreement, which expressly states that it is the entire agreement between FEG and MTL, and provides that FEG will be a GA, with no mention of FEG becoming an MGA after its license is reinstated.

We conclude that, in this circumstance, the written contract between the parties containing this merger clause forecloses FEG's promissory estoppel claim against MTL. *See DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858 (reliance upon an oral representation that is directly contradicted by express, unambiguous

terms of written agreement between parties is not justified as a matter of law); *see, e.g., 2001 Trinity Fund, LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 457 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (merger clause stating that contract contained entire agreement of parties foreclosed promissory estoppel claim based on alleged oral promises made before execution of contract).

FEG relies upon *Italian Cowboy Partners, Ltd. v. The Prudential Insurance Company of America*, 341 S.W.3d 323 (Tex. 2011), to argue that the GA agreement's merger clause does not contain the language necessary to foreclose its promissory estoppel claim. But in *Italian Cowboy Partners*, the principal issue was whether disclaimer-of-representations language within a lease contract was sufficiently specific to negate an element of the petitioner's claim for fraudulent inducement. *Id.* at 327–28. Here, FEG does not claim that it was fraudulently induced to sign the GA Agreement, and the merger clause expressly states that the written GA Agreement constitutes the entire agreement between the parties. FEG's reliance on *Italian Cowboy Partners* is thus misplaced.

We conclude that the merger clause in the parties' agreement forecloses FEG's promissory estoppel claim. *See 2001 Trinity Fund, LLC*, 393 S.W.3d at 457; *DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858. Accordingly, we hold that the trial court properly granted summary judgment on FEG's promissory estoppel claim. *See KPMG Peat Marwick*, 988 S.W.2d at 748.

## C. Fraud

The elements of a fraud claim are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). As with a promissory estoppel claim, to prevail on a fraud claim, a party must demonstrate that its reliance was reasonable and justified. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010); *Ortiz*, 203 S.W.3d at 421; *Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 215 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

We have already concluded, in our discussion of FEG's promissory estoppel claim, that the merger clause in the GA agreement forecloses FEG's alleged reliance on oral promises made before the execution of the GA agreement. We likewise conclude that FEG's reliance upon MTL's alleged oral promises that are contradicted by the unambiguous terms of the parties' written agreement was unreasonable and unjustified as a matter of law. Thus, we hold that the trial court properly granted summary judgment on FEG's fraud claim. *See Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d at 215 (fraud claim requires demonstration of

reasonable and justifiable reliance on alleged promise); *DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858 (reliance upon an oral representation that is directly contradicted by express, unambiguous terms of written agreement between parties is not justified as a matter of law).

We overrule FEG's sole issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.