**Opinion issued December 5, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00913-CV

———————————

**REFUGIO SANCHEZ, Appellant**

**V.**

**PRECISION DRILLING COMPANY, LP, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-77477**

---

## MEMORANDUM OPINION

Appellant, Refugio Sanchez, has filed a motion for rehearing of our August

20, 2019 opinion and judgment. *See* TEX. R. APP. P. 49.1. We deny Sanchez's

motion for rehearing but withdraw the previous opinion and substitute this opinion in its place to clarify the basis for our conclusions regarding causation.[1]

Refugio Sanchez was injured on a jobsite while working for independent contractor Precision Drilling Holdings Company (Holdings). He sued Precision Drilling Company, LP (Precision), another independent contractor working at the jobsite, for negligence in failing to ensure a safe work environment. In one issue, Sanchez challenges the trial court's rendition of summary judgment in favor of Precision on both matter-of-law and no-evidence grounds.

We affirm.

## Background

COG Operating LLC, an exploration and production company, contracted with Precision to drill several oil and gas wells. As part of the contract, COG agreed to pay Precision for "mobilization," which included "move in, rig up, [and] rig down."

COG contracted separately with Holdings to transport oil and gas rigs at its well sites. Sanchez worked as a "swamper" for Holdings, mainly assisting Holdings' truck drivers in moving the rigs.

On April 30, 2013, Sanchez and fellow Holdings employees Ivan Torres and Austin Matejowsky were working to transport Precision's Rig 105 to a COG well

---

[1] We also vacate our prior judgment and issue separately a new judgment.

2

site. As part of this project, the three men were tasked with loading a portable generator onto a pole truck and moving it to another position at the site.

Pursuant to Torres's instructions, Sanchez used chains and rope to secure the generator to the truck. Once the generator was loaded, Torres got behind the wheel of the pole truck. Sanchez and Matejowsky remained outside the truck, and Matejowsky began flagging Torres to back it up. While he was directing Torres, Matejowsky radioed Precision's rig manager, Ricky Menard—the only Precision employee involved in the accident—to ask him where they should place the generator. At that moment, the generator began to swing to the driver's side, causing Torres to lose control of it. In an effort to gain control of the generator, Sanchez held onto the tag line with two hands and followed it to the rear of the truck. Matejowsky saw neither the load begin to swing nor Sanchez's position behind the truck, and he continued flagging Torres to back up. As Sanchez stepped between the generator and the pole truck, the pole truck ran over his right foot and leg. Sanchez suffered severe injuries, and as a result, had his leg amputated.

Sanchez sued Precision for negligence, alleging that it breached its duty to maintain a safe work environment for the mobilization work he was performing when he was injured.

Precision moved for both traditional and no-evidence summary judgment. The trial court granted both motions without specifying its grounds and dismissed Sanchez's suit.

## Summary Judgment

### A. Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating*, 164 S.W.3d at 661; *Provident Life*, 128 S.W.3d at 215.

Following an adequate time for discovery, a party may move for summary judgment on the basis that there is no evidence of one or more essential elements of a claim on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). To defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). "More than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their

conclusions.'" *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 376 (Tex. App.—Houston [1st Dist.] 2012, pet denied) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). We consider the evidence in the light most favorable to the nonmovant and indulge every reasonable inference from the evidence in the nonmovant's favor. *Lightning Oil*, 520 S.W.3d at 45.

A party moving for traditional summary judgment bears the burden of proving that no genuine issues of material fact exist on at least one essential element of the cause of action asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lightning Oil*, 520 S.W.3d at 45. A matter is conclusively established if reasonable people could not differ as to the conclusions to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the nonmovant to raise a fact issue precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

When, as here, the summary judgment order does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds supports the judgment. *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We will affirm a summary judgment ruling if any of the grounds asserted in the motion is meritorious. *Lightning Oil*,

520 S.W.3d at 45; *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

**B.      Analysis**

In his sole issue on appeal, Sanchez argues that the trial court erred by granting Precision's summary-judgment motion on both traditional and no-evidence grounds. We begin with the no-evidence motion. *See Lightning Oil*, 520 S.W.3d at 45 ("If a party moves for summary judgment on both traditional and no-evidence grounds, as the parties did here, we first consider the no-evidence motion.").

In its no-evidence motion, Precision challenged each of the elements of Sanchez's negligence claim, including duty, breach, and damages proximately caused by the breach. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). If the trial court could have properly granted summary judgment based on a lack of evidence of proximate cause, we must affirm. *See Doe v. Messina*, 349 S.W.3d 797, 804 & n.6 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (upholding summary judgment based on proximate cause without reaching question of duty). Accordingly, we consider whether Sanchez produced at least a scintilla of evidence raising a genuine issue of material fact as to whether Precision proximately caused his injuries. *See Lightning Oil*, 520 S.W.3d at 45 ("When a trial court does not specify the grounds it relied upon in making its determination,

reviewing courts must affirm summary judgment if any of the grounds asserted are meritorious.").

The components of proximate cause are cause-in-fact and foreseeability. *HMC Hotel Props. II Ltd. P'ship v. Keystone-Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014); *Rampersad v. CenterPoint Energy Hous. Elec., LLC*, 554 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

On this record, we begin and end with cause-in-fact, which asks whether Precision's (allegedly) negligent act or omission was "a substantial factor in bringing about" the injury, without which the harm would not have occurred. *See HMC Hotel Props.*, 439 S.W.3d at 913 ("The cause-in-fact element is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act ('but for' the act), the harm would not have occurred."). "These elements cannot be established by mere conjecture, guess, or speculation." *Id.*

Sanchez contends that Precision, through Menard, caused his injuries by (1) distracting Matejowski and thus preventing him from seeing that Sanchez was behind the pole truck as he continued to direct Torres to back up, and (2) failing "to identify and correct multiple hazards" at the worksite. As evidence, he relies on the report of his expert, Douglas W. Smith, which concludes that Precision failed to (1) require Holdings "to implement and/or otherwise ensure adequate

procedures were in place during the rig move operation involved in the subject incident," and (2) ensure a safe worksite through Menard's having "wholly failed to identify and correct multiple hazards that led to" Sanchez's injuries.

Smith's report does not identify any procedure that Precision failed to require Holdings to implement, much less state that such procedure would have prevented the accident. Therefore, Smith's first conclusion does not constitute evidence of cause-in-fact. *See Excel Corp. v. Apodaca*, 81 S.W.3d 817, 822 (Tex. 2002) (holding that plaintiff failed to present legally sufficient evidence to support jury finding that defendant's negligence was cause-in-fact of his injuries because he failed to establish that "had [defendant] employed . . . other practices, [plaintiff] would not have been injured"); *see also HMC Hotel Props.*, 439 S.W.3d at 917 (holding that there was no evidence of cause-in-fact where plaintiff's witnesses "never testified there was a possibility of a different outcome had [defendant] not [acted negligently]").

Nor does Smith's second conclusion—that Menard failed to identify and correct "multiple hazards" that caused Sanchez's injuries—constitute evidence of cause-in-fact. Under the heading "Contributing Factors," Smith identifies nine factors, taken almost verbatim from Holdings' Serious Incident Investigation Report, that he opines contributed to causing Sanchez's injuries:

(1) the height of the pole truck would not have allowed Torres to see Sanchez when he was within three feet of the rear of the truck;

(2) Sanchez failed to attend a pre-job safety meeting or job safety review;

(3) the manner in which Sanchez installed the tag line to the tongue end of the generator, together with the direction of the rotation, drew Sanchez closer to the truck and rear tires;

(4) Sanchez had no means to contact Torres when the load began to shift;

(5) Matejowsky was distracted from directing Torres by his communication with Menard concerning where to place the load;

(6) Matejowsky failed to observe both the load rotate and Sanchez's position behind the pole truck;

(7) Sanchez was "too close to" the moving pole truck;

(8) Sanchez was distracted by his efforts to control the load while the pole truck was moving; and

(9) Torres did not see that Sanchez had moved behind the pole truck.

Smith does not indicate which of these nine factors are attributable to Menard. *See HMC Hotel Props.*, 439 S.W.3d at 913 (holding that cause-in-fact "cannot be established by mere conjecture, guess, or speculation"); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009) ("Causation must be proved, and conjecture, guess, or speculation will not suffice as that proof."). For example, he does not assign responsibility for

9

Sanchez's nonattendance at the safety meeting, placement behind and too close to the pole truck, or attempt to control the load when the pole truck was moving. Similarly, Smith does not indicate that Menard caused Matejowsky's distraction. Indeed, Holdings' Serious Incident Investigation Report indicates that Matejowsky—not Menard—initiated the contact that Sanchez claims caused Matejowsky to be distracted: "[Matejowsky] asked [Menard] where to put the generator and at the same time . . . [Matejowsky] was flagging [Torres]." Nor does Smith's report identify which of the nine factors contributed "substantially" to bringing about Sanchez's injuries. *See HMC Hotel Props.*, 439 S.W.3d at 913 (holding that cause-in-fact requires showing that negligent act or omission "was a substantial factor in bringing about the harm at issue"). Thus, Smith's second conclusion also falls short of what is required to demonstrate cause-in-fact. *See Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 874–75 (Tex. App.—Beaumont 2007, pet. denied) (holding that testimony that event "contributed to" patient's death and decreased his "likelihood of surviving" was no evidence of proximate cause and thus evidence was legally insufficient to support jury finding); *Sisters of St. Joseph of Tex., Inc. v. Cheek*, 61 S.W.3d 32, 36–37 (Tex. App.—Amarillo 2001, pet. denied) (holding that testimony that nurses' negligence "caused or contributed to" patient's death was legally insufficient to support jury finding of proximate cause).

We conclude that because Sanchez failed to provide more than a scintilla of evidence to show that any act or omission attributable to Precision was a cause-in-fact of his injuries, the trial court did not err in granting Precision's no-evidence motion for summary judgment. *See Lightning Oil Co.*, 520 S.W.3d at 45 (holding that nonmovant must produce at least scintilla of evidence raising genuine issue of material fact as to challenged elements to defeat no-evidence summary judgment). Our conclusion makes it unnecessary to address whether Sanchez presented evidence of duty or breach.[2]

We overrule Sanchez's sole issue.

### Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

---

[2] Because we hold that Precision is entitled to summary judgment on its no-evidence motion, we do not address its traditional motion. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("When a trial court does not state the basis for its decision in its summary judgment order, as in this case, we must uphold the order if any of the theories advanced in the motion is meritorious.").