**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00326-CV

_____

**EVA  CASAS, Appellant**

**V.**

**CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-70094**

---

## MEMORANDUM OPINION

Appellant Eva Casas appeals from the trial court's order granting summary judgment in favor of appellee Castano Enterprises, LLC d/b/a Cube Investments (Cube Investments) in its suit seeking specific performance of two contracts. In eight issues, Casas contends that the trial court erred because (1) the underlying judgment

ordering specific performance is impossible to perform due to the appointment of a receiver in another case in which Cube Investments was a party; (2) the contracts in question were not sufficiently clear and specific as required to grant specific performance; (3) a fact issue exists regarding whether Cube Investments was a "ready, willing, and able buyer" thereby precluding summary judgment; (4) the court failed to consider an affidavit submitted with Casas's second motion for reconsideration which contravened appellee's summary judgment affidavit; (5) specific performance is not available because the contracts were inequitable and unfair; (6) specific performance is not available because Cube Investments lacked "clean hands"; (7) the contracts are void because they constitute an illegal securities transaction in violation of Texas law; and (8) the trial court's judgment is not a final judgment.

We affirm the trial court's judgment.

**Background**

**A.    Factual History**

Casas owned two adjacent properties located at 1707 and 1709 Gano Street, in Houston, Harris County, Texas. On December 21, 2017, Casas and Cube Investments entered into a Joint Venture Agreement (JVA) "for the development and sale of the land and properties located at LOTS 50 and 51 BLOCK 7, LOTS 48 and 49 BLOCK 7 CASCARA otherwise known as 1709 and 1707 Gano Street,

Houston, TX 77009[.]" The JVA set forth, among other terms, the scope and description of the agreement, each party's contributions and responsibilities, and the division of profits. In particular, the JVA stated that Casas was to contribute "the land" to the joint venture, a portion of which was subject to an existing reverse mortgage with a principal balance of $125,000.00, and that Cube Investments had spent $25,000 to do feasibility studies on the land, worked with architects and engineers, and paid designer fees. The JVA was signed by Casas and Juan Castano on behalf of Cube Investments.

In March 2018, Casas entered into a sales agreement with Billie Garza, a realtor at Realm Realty, to list the 1707 Gano Street property for sale. After Garza listed Casas's property and a sales contract was in place, she learned of the JVA between Casas and Cube Investments. In her deposition, Garza testified that she forwarded a copy of the JVA to her broker, and the broker sent it to Realm Realty's attorneys who determined that it was a valid agreement.

With Garza's assistance, Casas negotiated a release from the JVA and a new agreement with Cube Investments. Under the terms of the new agreement, Cube Investments agreed to release any claims it had against Casas for her breach of the JVA and allow Casas to sell 1707 Gano Street, in exchange for which Casas agreed to transfer ownership of 1709 Gano Street to Cube Investments and to pay off all debts, liens, homeowner's dues, taxes, and other burdens related to it. Garza testified

that she advised Casas that she was not a lawyer, she explained the terms of the negotiated agreement to Casas, and Casas did not appear to have difficulty understanding the agreement. Garza advised Casas that under the terms of the negotiated agreement, once 1709 Gano Street was remodeled and sold Casas would receive $70,000 up front from the sale, and in the event Cube Investments made $220,000.00 in net profit, Casas would receive any additional amount above $220,000. Garza told Casas that she believed the terms were "very fair" and that, in Garza's opinion, Casas was receiving market value for the two properties. Garza testified that Casas later conferred with an attorney before she executed the negotiated agreement and prior to closing on the sale of 1707 Gano Street.

Casas signed the negotiated agreement on July 9, 2018. Casas executed another agreement dated July 11, 2018, which stated that her son, who was then living at 1709 Gano Street, would vacate the premises by August 31, 2018.

## B.    Procedural History

On October 2, 2018, Cube Investments sued Casas alleging that after Casas closed on the sale of 1707 Gano Street and received the funds from the sale, she refused to comply with the agreement related to the transfer of 1709 Gano Street to Cube Investments. Cube Investments asserted claims for breach of contract and fraudulent inducement against Casas and, in the alternative, it sought specific

4

performance to compel Casas to transfer the 1709 Gano Street property to Cube Investments.

Casas answered asserting a general denial and counterclaimed that Cube Investments engaged in an illegal securities transaction in violation of Texas Blue Sky laws. She further alleged that specific performance is not a remedy available in in a real estate contract, and that Cube Investments was not entitled to equitable relief due to unclean hands.

Cube Investments moved for summary judgment (1) seeking a declaratory ruling that the July 9, 2018 agreement was a valid and enforceable contract and that Casas breached the contract, and (2) requesting specific performance to compel Casas to comply with the agreement. Cube Investments attached to its summary judgment motion excerpts from Garza's deposition transcript, the JVA, the signed July 9, 2018 negotiated agreement, and the signed July 11, 2018 agreement stating that Casas's son would vacate the premises.

Casas responded to the motion arguing that (1) specific performance may only be granted when the contract on which it is based is clear and specific; (2) Cube Investments failed to prove that it was a ready, willing, and able buyer as required to obtain specific performance and therefore a fact issue existed precluding summary judgment; (3) the bargain Cube Investments sought to enforce is inequitable and unfair and thus it was not entitled to equitable relief; (4) Cube Investments lacked

5

clean hands because it attempted to mislead and defraud Casas through its misrepresentations; and (5) Cube Investments engaged in an illegal securities transaction which may not be enforced by specific performance.

Cube Investments supplemented its summary judgment motion with the affidavit of Johnny Hays. Hays attested that based on the floorplan, remodeling evaluation, and costs submitted by ACAD Design + Build, he was ready, willing, and able to invest and financially support the remodeling and sales plan for 1709 Gano Street.

Casas amended her summary judgment response. In addition to re-urging her previous arguments, Casas argued that Hays's affidavit attached as an exhibit to Cube Investments's supplemental summary judgment motion should not be considered because it was never produced in discovery, the affiant's background and the information upon which he relied for his opinions were not subject to cross-examination or investigation, and his testimony was hearsay. Casas attached her affidavit to her amended summary judgment response.

The trial court signed an order granting Cube Investments's summary judgment motion on January 14, 2020.

On January 23, 2020, Cube Investments filed a motion to supplement the trial court's summary judgment order. In its motion, Cube Investments stated that the trial court's January 14, 2020 order failed to address Casas's counterclaims and did

not state that it was a final order addressing all the parties' claims. Cube Investments requested that the trial court enter a final order disposing of all clams.

Casas moved for reconsideration of the trial court's summary judgment order. Casas argued that Cube Investments was seeking a modification of the summary judgment to dispose of Casas's counterclaims which were not properly addressed in either Cube Investments's summary judgment motions or the trial court's summary judgment order. She further argued that fact issues existed precluding summary judgment and that new evidence existed warranting reconsideration of the trial court's summary judgment order.[1]

Casas filed a second motion for reconsideration alleging new evidence existed that raised fact issues regarding whether Cube Investments was a willing, ready, and able buyer of 1709 Gano Street. She attached to her second motion an affidavit of Johnny Hays, General Manager of Jet Lending, LLC. In it, Hays stated that while Jet gave pre-approval to Castano Enterprises, LLC or one of its affiliates for a loan to purchase and remodel the property located at 1709 Gano Street, it did not have sufficient information to give actual approval of a loan and Jet was not considering the remodeling project or approving a loan to Castano Enterprises at that time.

---

[1] The trial court's docket sheet includes an entry dated March 2, 2020 stating "REHRY - ORDER SIGNED DENYING REHEARING." The record does not contain this order.

7

Casas's second motion for reconsideration was not set for hearing, and the trial court did not rule on Casas's motion. This appeal followed.

**Finality of Judgment**

In her eighth issue, Casas contends that the trial court's January 14, 2020 order granting summary judgment in favor of Cube Investments did not dispose of all the parties' claims. Specifically, she argues that the order did not dispose of her counterclaims and therefore is not a final appealable judgment. Because Casas challenges finality of the trial court's judgment which implicates our jurisdiction over this appeal, we consider it first.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014. "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Id.* at 205.

The record reflects that Cube Investments filed its original petition on October 1, 2018, asserting claims for breach of contract and fraudulent inducement against Casas. Casas answered on October 31, 2018 and asserted a counterclaim based on Cube Investments's alleged engagement in an illegal scheme to sell unregistered securities.

In its summary judgment motion, Cube Investments requested a declaration that Casas "breached the [parties'] contracts, and specific performance of the contracts for the remodeling of" the residential real property at issue. Neither Cube Investments's summary judgment motion, nor its later-filed supplement, addressed Cube Investments's own claim for fraudulent inducement or Casas's counterclaim alleging a violation of securities laws.

In its January 14, 2020 summary judgment order, the trial court

ORDERED, ADJUDGED, and DECREED that Plaintiff, CASTANO ENTERPRISES, LLC D.B.A CUBE INVESTMENTS' Motion for Summary Judgment Seeking Declaratory Ruling and specific performance pursuant to the July 9, 2018 contract, and the subsequent July 11, 2018 addition to said contradict [sic] entered into between EVA CASAS and CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS is GRANTED in its entirety[.]

The trial court's order granting summary judgment granted only the relief requested in the summary judgment motion and did not contain finality language or otherwise clearly indicate that the trial court intended to completely dispose of the case,

9

including Cube Investments's fraudulent inducement claim and Casas's securities law counterclaim.

After concluding that Casas's appeal did not appear to be from a final judgment actually disposing of all claims and parties and unequivocally stating that it finally disposes of all claims and parties, this Court entered an order on December 14, 2021 withdrawing the case from submission and ordering Casas to file a response addressing the lack of a final judgment and demonstrating that this Court had appellate jurisdiction over her appeal from the trial court's summary judgment order.

Casas filed a response arguing that the trial court's order was final because it granted Cube Investments's summary judgment motion requesting a declaratory ruling that the parties' contract was valid and enforceable and, in doing so, it necessarily disposed of the parties' remaining claims that the contract was invalid and unenforceable on the basis of fraud and securities law violations. She pointed to the language in the judgment stating that the trial court had considered the pleadings (which would include the parties' claims of fraud and securities law violations) as well as the summary judgment motion and response, as demonstrating the trial court's intention that its judgment dispose of all claims. She further noted that although she believed the judgment was final, this Court could abate the appeal and direct the trial court to clarify whether it intended its judgment to be a final, appealable judgment. Cube Investments replied stating that it agreed with Casas that

10

the trial court's order was intended to be a final judgment because (1) Casas asserted her defenses that the contract was invalid and unenforceable in her summary judgment response and amended response considered by the trial court; and (2) the trial court denied Casas's motion to reconsider thus confirming its intention to reject Casas's claims that the contract was invalid and unenforceable.

On August 25, 2022, this Court abated and remanded the case to the trial court to permit the trial court to clarify whether the summary judgment was final. On September 21, 2022, the trial court entered a Final Judgment on All Claims, stating, in relevant part:

> After considering CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS' Motion for Summary Judgment Seeking Declaratory Ruling and Plaintiffs Supplement thereto, as well as Defendant's Response and First Amended Response, and any supplements thereto, which included Defendant's counterclaims, and hearing the oral arguments by counsel, the Court is of the opinion that Plaintiffs Motion should be GRANTED and Defendant's claims and counterclaims should be DENIED. It is therefore,
>
> ORDERED, ADJUDGED and DECREED that Plaintiff, CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS' Motion for Summary Judgment Seeking Declaratory Ruling and specific performance pursuant to the July 9, 2018 contract, and the subsequent July 11, 2018 addition to said contradict [sic] entered into between EVA CASAS and CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS is GRANTED in its entirety, and that:
>
> . . . .
>
> 7. By ruling in favor of CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS, the claims and counterclaims of EVA CASAS are DENIED and DISMISSED with prejudice.

11

8. This is intended to be a Final Judgment, subject to appeal.

The trial court's September 21, 2022 judgment clearly and unequivocally states that it finally disposes of all claims and is a final judgment. *See Lehman*, 39 S.W.3d at 204 (stating judgment is final if it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so). We overrule Casas's eighth issue.

## Appointment of Receiver

In her first issue, Casas contends that Cube Investments failed to pay a judgment in the amount of $17,800.54 rendered against it in another case, and that the county court appointed a receiver in the case.[2] Casas argues that the receiver, who she contends stands in the place of Cube Investments in this appeal, is only able to disburse Cube Investments's assets to creditors, and not perform the complex investment construction project that was the subject of the July 9, 2018 negotiated agreement. Thus, she reasons, the trial court's judgment ordering specific performance of the parties' agreement is impossible to perform. Casas concludes, with no citation to legal authority, that "the judgment needs to go away[] by means

---

[2]     On October 3, 2019, Harris County Court at Law No. 4 entered a judgment against defendant Castano Enterprises, LLC in favor of the plaintiff in *KGL Property, LLC v. Juan David Castano, et al.*, No. 1141219, County Court at Law No. 4, Harris County, Texas. After the judgment went unpaid, KGL Property, LLC filed an application for turnover of judgment and appointment of turnover receiver. On May 8, 2020, the county court granted the application and appointed Seth Kretzer as receiver in the case.

of a reverse and render judgment for Appellant, as the Appellee's company, which is now in receivership, cannot carry out the contract for which specific performance was granted."

The suit that was filed against Cube Investments in county court and for which a receiver was appointed over Cube Investments's non-exempt property is distinct from, and wholly unrelated to, the suit that Cube Investments filed against Casas that is the subject of this appeal. In its September 21, 2022 final judgment, the trial court granted Cube Investments's request for specific performance of the July 9, 2018 agreement and ordered that "[w]ithin 45 days of the execution of this Order, EVA CASAS shall execute a Warranty Deed transferring 1709 Gano Street, Houston, Texas 77009 to CASTANO ENTERPRISES, LLC D/B/A/ CUBE INVESTMENTS[.]" The appointment of a receiver in an unrelated lawsuit does not alter the trial court's directive in this case that Casas transfer 1709 Gano Street to Cube Investments via warranty deed.

We overrule Casas' first issue.

### Specific Performance

In her second, third, fourth, and fifth issues, Casas challenges the trial court's summary judgment order granting a declaratory ruling that the parties' July 9 and 11, 2018 agreements were valid, enforceable contracts and ordering specific performance of the contracts.

13

## A.    Standard of Review

We review a trial court's order granting summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). When a trial court grants summary judgment without specifying the grounds for its ruling, we must uphold the trial court's judgment if any one of the theories advanced in the motion for summary judgment is meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In a traditional motion for summary judgment, the movant bears the burden to establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant must negate at least one essential element of each of the plaintiff's causes of action or establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged elements. *Beverick*, 186 S.W.3d at 149. More than a scintilla of

14

evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

**B.      Applicable Law**

Specific performance is an equitable remedy that may be awarded upon a showing of breach of contract. *Desai v. Good Hope Missionary Baptist Church of Hous.*, No. 01-19-00420-CV, 2021 WL 1414282, at *6 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.) (citing *Ifiesimama v. Haile*, 522 S.W.3d 675, 685 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)). Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed, or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Specific performance is not a separate cause of action, but rather is an equitable remedy used as a substitute for monetary damages when damages would not be adequate. *Ifiesimama*, 522 S.W.3d at 685; *Stafford v. S. Vanity Magazine, Inc.,* 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied).

"[T]o be entitled to specific enforcement of a contract, a party must show that the contract in question is valid and enforceable." *Jennings v. Jennings*, 625 S.W.3d

15

854, 867 (Tex. App.—San Antonio 2021, pet. denied) (quoting *Nguyen v. Woodley*, 273 S.W.3d 891, 898 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). To be specifically enforceable, a contract must be complete in its essential and material terms, parts and elements; it must be capable of being performed without adding to its terms. *Id.*

## C. "Sufficiently Clear and Specific"

In her second issue, Casas argues that the trial court erred in granting specific performance to Cube Investments because the July 9, 2018 agreement is not sufficiently clear and specific to be enforceable. She argues that although she could deed 1709 Gano Street to Cube Investments, the payment is not a single specific sum but rather a complex matter that requires Cube Investments to first remodel the property and sell it, then pay Casas a guaranteed amount of $70,000, and then pay her any amount over $220,000 that Cube Investments would receive as profit. She asserts that the agreement does not define "profits" or how they would be calculated, nor does it provide a reasonable date for the sale.

The material and essential terms of a contract are those that parties would reasonably regard as "vitally important ingredients" of their bargain. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 481 (Tex. 2019) (quoting *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016)); *Jetall Cos., Inc. v. Jefferson Smith, L.L.C.*, No. 01-20-00461-CV, 2022 WL 2347922, at *4 (Tex.

16

App.—Houston [1st Dist.] June 30, 2022, pet. denied) (mem. op.). Non-essential terms, by contrast, need not be addressed with the same certainty and definiteness for a contract to be enforceable. *Fischer*, 479 S.W.3d at 237; *Jetall Cos.*, 2022 WL 2347922, at *4. While a court may not pull the terms of a contract from thin air, a court may grant specific performance when the contract is capable of performance without adding terms. *See Hubler v. Oshman*, 700 S.W.2d 694, 699 (Tex. App.— Corpus Christi 1985, no writ). The Texas Supreme Court has repeatedly stated that the material terms of a contract are to be determined on a case-by-case basis, and each contract should be considered separately to determine its material terms. *E.g., Barrow-Shaver*, 590 S.W.3d at 479; *Fischer*, 479 S.W.3d at 237.

Here, the July 9, 2018 agreement set forth the parties' mutual promises and obligations as follows:

> In exchange for releasing his claims for breach of the Joint Venture as to the combined properties as a whole, including his claims for lost profits, [Castano] proposes the following:

> - Cube will agree to allow Casas to sell 1707 Gano Street to the current buyers;

> - Upon the sale, Casas will pay off all debts, liens, homeowners dues, taxes, and any other burdens which may exist on 1709 Gano Street, and transfer the property to Cube;

> - Within 30 days of transferring 1709 Gano Street to Cube, and confirmation that the lien, taxes, and any other encumbrances have been paid off, which shall be completed within 30 days of closing the sale on 1707 Gano Street, Cube will contact the architect to begin preparing the plans and other required documentation to submit to the City for

approval and permits. Within 60 days of receiving approval, including permits, from the City, Cube will begin remodeling efforts to which it is expected that it will take 150 days to complete the repairs (subject to rain days, delays by the City, and/or other unforeseen events or issues with the home, to which Cube will utilize due diligence to resolve);

- Cube Investments will then remodel 1709 Gano Street, at its cost, in an effort to bring the house up to date and sell at the market rate;

- After closing, of which Cube will pay all required closing costs, Cube will guarantee payment to Eva Casas in the amount of $70,000; and

- In the event Cube is able to recover $220,000 in net profit after deducting all expenses and costs incurred for not only the remodeling process, but also for maintaining and/or operating the house and property (such as any required taxes, electricity or other similar costs), Cube will agree to tender any remaining amounts above $220,000 to Eva Casas within 15 days of closing on the house. In addition, Cube will agree to make available its costs, expenses, and other amounts supporting all deductions taken from the overall project.

Casas contends that the agreement is too vague and indefinite to perform because it does not define "profits" and how they would be calculated or provide a date for the final sale of 1709 Gano Street. She further argues that because there is no sales price, the court would have to guess at the "fair market value" since that varies over time.

When a contract leaves a term undefined, we presume that the parties intended its plain, generally accepted meaning. *Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011); *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). We may also look to the entire agreement to give each part meaning. *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 747 (Tex. 2020). "We consult

dictionaries to discern the natural meaning of a common-usage term not defined by contract, statute, or regulation. *Sunstate Equip. Co., LLC v. Hegar*, 601 S.W.3d 685, 697 (Tex. 2020) (quoting *Epps*, 351 S.W.3d at 866).

A "profit" is defined as "the excess of revenues over expenditures in a business transaction." BLACK'S LAW DICTIONARY (11th ed. 2019). In accordance with this definition, the parties' agreement provides that in the event Cube Investments is able to recover $220,000 in net profits—which the contract specifies is the amount remaining "after deducting all expenses and costs incurred for not only the remodeling process, but also for maintaining and/or operating the house and property (such as any required taxes, electricity or other similar costs)"—it will pay any amount above $220,000 to Casas within fifteen days of closing on the house. The term "profit" is sufficiently clear and definite.

Casas also asserts that the contract is not sufficiently specific, and therefore not capable of being enforced by specific performance, because it does not specify a final sale date or sales price for 1709 Gano Street. This argument is unavailing. Unlike an agreement for the sale of real estate for which a closing date and sales price are generally considered material terms, *see Rolfe v. King*, No. 05-03-00357-CV, 2004 WL 784626, at *2 (Tex. App.—Dallas Mar. 29, 2004, no pet.) (mem. op.), this is not a contract for the sale of real property but rather an agreement between the parties under which Cube Investments agreed to release any claims it had against

19

Casas for her breach of the JVA in exchange for Casas's agreement to transfer 1709 Gano Street to Cube Investments. A contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). Here, the sale date and price are not necessary to define the nature and extent of the parties' obligations as set forth under the negotiated agreement. *See Gannaway ex rel. Est. of Gannaway v. Pena*, 13-99-426-CV, 2002 WL 441993, at *7–8 (Tex. App.—Corpus Christi Edinburg Mar. 21, 2002, no pet.) (concluding that although writings between administrator and purchaser of late owner's real property did not set forth date of closing, date of possession, type of deed, and who would be responsible for payment of taxes, letters were clear and definite regarding agreement between parties and missing terms were not necessary to define nature and extent of parties' obligations and thus trial court did not err in granting specific performance).

We overrule Casas's second issue.

**D.    "Ready, Willing, and Able Buyer"**

In her third issue, Casas contends that the trial court erred in granting summary judgment on Cube Investments's request for specific performance because a material issue of fact issue exists regarding whether Cube Investments was a "ready, willing, and able buyer." Citing *DiGiuseppe v. Lawler*, 269 S.W.3d 588 (Tex. 2008), Casas

20

argues that proof that the buyer is "ready, willing and able" is essential to obtain specific performance in a real estate sales contract case. *Id*. at 593.

Casas's argument and her reliance on *DiGiuseppe* are misplaced. As discussed above, and in contrast to *DiGiuseppe,* the agreement at issue in this appeal does not involve a real estate sales contract between the parties. *See id.* at 598 (concluding provision in land sale contract which set forth that one of purchaser's available remedies for breach of contract would be to seek to enforce specific performance did not eliminate or waive purchaser's burden to prove all essential elements under common law for obtaining specific performance, including that he was ready, willing, and able to perform under contract). Rather, it concerns an agreement under which Cube Investments agreed to release any legal claims it had against Casas for her breach of the JVA in exchange for Casas's agreement to transfer 1709 Gano Street to Cube Investments so that Cube Investments could remodel and sell the home to a third party. Under these circumstances, Cube Investments was not required to prove that it was a ready, willing, and able buyer.

We overrule Casas's third issue.

## E. Motion for Reconsideration

In her fourth issue, Casas contends that the trial court erred in failing to consider an affidavit attached to her second motion for reconsideration which she asserts contravened Cube Investments's summary judgment affidavit. She argues

21

that this newly discovered evidence—filed nearly four months after the trial court granted summary judgment—raises a fact question regarding whether Cube Investments was a ready, willing, and able buyer and therefore precluded summary judgment in its favor.

Casas's argument is unavailing. As an initial matter, Cube Investments was not required to demonstrate that it was a ready, willing, and able buyer for the reasons discussed above. Moreover, a trial court that has granted a motion for summary judgment "generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (internal quotation marks omitted). When a party files a motion for reconsideration or new trial after a summary judgment motion has been heard and ruled upon, the trial court may ordinarily consider only the record as it existed when it first heard the motion. *See In re Est. of Mooney*, No. 01-18-00096-CV, 2019 WL 3917427, at *7 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019, no pet.) (mem. op.) (citing *Circle X Land & Cattle Co., Ltd. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied)). However, a trial court may consider evidence submitted with a motion to reconsider provided that the court "affirmatively indicates" in the record that it accepted or considered the later-filed evidence. *Circle X Land & Cattle Co.*, 325 S.W.3d at 863; *cf. Stephens v. Dolcefino*,

126 S.W.3d 120, 134 (Tex. App. —Houston [1st Dist.] 2003, no pet.) (noting trial court affirmatively accepted later-filed tape as summary judgment evidence where it stated at hearing it would "include the evidence offered today in the summary judgment record" and denied motion for new trial "even taking th[e] [later-filed] evidence into the record" (internal quotations and emphasis omitted)).

Here, the trial court did not affirmatively indicate in the record that it accepted or considered Casas's later-filed evidence attached to her second motion for reconsideration.[3] Because the court did not affirmatively indicate that it accepted or considered the later-filed evidence, this Court cannot consider this evidence in our determination of whether the trial court erred in granting summary judgment. *See NMRO Holdings, LLC v. Williams*, No. 01-16-00816-CV, 2017 WL 4782793, at *5 (Tex. App.—Houston [1st Dist.] Oct. 24, 2017, no pet.) (mem. op.) (concluding that court could not consider exhibits attached to appellant's motion for new trial and reconsideration on appeal because trial court did not affirmatively indicate that it had accepted or considered later-filed evidence).

We overrule Casas's fourth issue.

---

[3]    The record also reflects that Casas did not set her second motion for reconsideration for hearing. Casas acknowledged as much in her motion, stating, "This case has not been set for hearing—the new evidence affidavit took time & a private investigator to obtain. It is a bombshell but it is only now available shortly before the appeals deadline. There is no longer time for a 10 day motion."

**F.     "Inequitable and Unfair" and "Unclean Hands Doctrine"**

In her fifth issue, Casas contends that the trial court erred in granting summary judgment because specific performance is not available where the contract in question was inequitable and unfair. Casas contends that she is not accustomed to handling business dealings and Castano talked her into this investment deal by questionable methods. In her sixth issue, Casas contends that Cube Investments is not entitled to specific performance because it lacked "clean hands" when Castano sought to defraud her through misleading representations in an attempt "to gull her into selling her homes to an LLC he was involved in for a knockdown price."

Our appellate rules require an appellant, among other things, to cite and apply law that is applicable to the complaint being made along with appropriate record references. TEX. R. APP. P. 38.1(g) & (i). We are not responsible for searching the record for facts that may be favorable to a party's position, *see Fredonia State Bank v. General American Life Insurance Co*., 881 S.W.2d 279, 283–84 (Tex. 1994), or doing the legal research that might support a party's contentions, *see Walker v. Eubanks*, 667 S.W.3d 402, 407 (Tex. App.—Houston [1st Dist.] 2022, no pet.). Although Casas's brief includes a recitation of the facts she believes are relevant on appeal, it does not include any record references or explain how the legal authorities to which she generally cites apply to her complaints. For an appellate court to be able to address an issue, the appealing party must argue the issue's substance with

legal and record support. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020); *see Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *1–2 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.) (concluding appellant waived issues on appeal where brief did not include citations to either clerk's record or any legal authorities). Having failed to do so, Casas has waived these complaints for appellate review.

We overrule her fifth and sixth issues.

## G. "Illegal Securities Transaction"

In her seventh issue, Casas contends that Cube Investments was engaged in illegally selling an investor contract, i.e., the JVA, which she asserts violates Texas Blue Sky Laws and federal securities laws. She argues that this illegal securities transaction is therefore void, must be rescinded, and cannot be enforced through specific performance.

Casas has failed to adequately brief this issue. Again, although she includes a lengthy factual recitation and cites generally to Texas's State Securities Board website, Casas provides no record references to support her argument. We are not responsible for searching the record for facts that may support Casas's position. *See Flakes*, 595 S.W.3d at 214 (stating appellant must argue issue's substance with legal and record support to enable appellate court to address issue); *Borisov*, 2016 WL 3022603, at *1–2 (finding waiver where appellant's brief failed to include citations

to clerk's record or legal authorities). However, even absent waiver, Casas's argument that the JVA is an illegal transaction that cannot be enforced through specific performance misses the mark. Cube Investments did not sue Casas seeking specific performance of the JVA. Rather, it is Casas's breach of the July 9, 2018 negotiated agreement—that is, her refusal to transfer 1709 Gano Street to Cube Investments in exchange for its release of any legal claims against her—that is the subject of its suit. The trial court did not grant specific performance of the JVA to Cube Investments. Rather, in its order, the trial court stated, "Cube Investments's "Motion for Summary Judgment Seeking Declaratory Ruling and specific performance pursuant to the July 9, 2018 contract, and the subsequent July 11, 2018 addition to said contradict [sic] entered into between EVA CASAS and CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS is GRANTED in its entirety[.]" The trial court did not err in granting summary judgment in favor of Cube Investments.

We overrule Casas's seventh issue.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.